```
                   UNITED STATES DISTRICT COURT
                     DISTRICT OF CONNECTICUT

                                     :
CHARLES C. WILLIAMS,                 :
     Plaintiff,                      :    CASE NO. 3:15-cv-933(AWT)
                                     :
     v.                              :
                                     :
HARTFORD POLICE DEPT., et            :
al.,                                 :
     Defendants.                     :    JULY 1, 2015
```

**INITIAL REVIEW ORDER**

The plaintiff, Charles C. Williams, who is currently incarcerated at the Corrigan-Radgowski Correctional Center in Uncasville, Connecticut, has filed a complaint pro se under section 1983 of title 42 of the United States Code. The complaint was received by the court on June 17, 2015, and the plaintiff's motion to proceed in forma pauperis was granted on June 23, 2015. The defendants are the Hartford Police Department, Chief of Police Emery Hightower, Detective Cheryl Gogins, Hartford Deputy Fire Chief Terry Waller, Jennifer Lopez and Angela Pierce. The plaintiff characterizes his claims as police misconduct, malicious prosecution, illegal arrest, false arrest, obstruction of justice, defamation, libel, retaliation, and intentional infliction of emotional distress in violation of his rights under the First, Eighth, Fourth, Fifth, Sixth and Fourteenth Amendments as well as state law.

I.   Legal Standard

Under section 1915A of title 28 of the United States Code, the court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  Id.  In reviewing a pro se complaint, the court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[]." Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007).  Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief.  Bell Atlantic v. Twombly, 550 U.S. 544, 555-56 (2007).  Conclusory allegations are not sufficient.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 570. However, pro se documents are liberally construed and interpreted to raise the strongest arguments they suggest.  See Sykes v. Bank of Am., 723 F.3d 399, 403 (2d Cir. 2013).

II.  Factual Allegations

The plaintiff had a prior relationship with defendant Pierce.  While living with defendant Pierce, he commenced a relationship with another woman and had a child with that woman.  In February 2012, after the child was born, the plaintiff left defendant Pierce's home.  Subsequently, defendant Pierce learned of the child and why the plaintiff had ended their relationship.  Defendant Pierce has a history of filing false police reports against the plaintiff and was arrested in another town for filing false reports.

Despite the existence of no contact and protective orders, the plaintiff renewed his relationship with defendant Pierce in January 2013.  The relationship broke down in February 2013 when the plaintiff refused to lie to help defendant Pierce avoid a trial on the false reporting charge.  Defendant Pierce threatened to have her friend, defendant Waller set up the plaintiff in a criminal case.

Defendant Waller sought assistance from his friend, defendant Police Chief Hightower, to provide protection for defendant Pierce.  Defendant Gogins was assigned to deal with the situation.  Defendant Pierce made a false complaint against the plaintiff for aggravated sexual assault that occurred in

3

February 2013. Defendant Gogins believed defendant Pierce even though there was no evidence to corroborate any crime and defendant Gogins was aware of defendant Pierce's past history of false reporting. The arrest warrant application contained false statements by defendants Gogins and Pierce and was presented to a judge along with fabricated evidence.

Defendant Lopez works at Interval House, a shelter for battered women. She met with defendants Gogins and Pierce on September 23, 2013, and participated in an investigation for the non-existent crime of aggravated sexual assault and risk of injury to a minor. Defendant Lopez testified at trial and made statements to the Department of Correction that the plaintiff had raped defendant Pierce.

III. <u>Analysis</u>

    A.   <u>Defendants Pierce, Lopez and Waller</u>

Section 1983 provides that "[e]very person" who acts "under color of" state law to deprive another of federal constitutional rights shall be liable in a suit for damages. Thus, each defendant must act under color of state law and that defendant's conduct must deprive the plaintiff of one or more federal rights.

An action is taken "under color of" state law when the act is performed by a state official while the official is purporting to act in the performance of his or her official duties; that is, the unlawful act must consist of an abuse or misuse of power possessed by the official only because he or she is an official and the unlawful acts must be of such a nature, and be committed under such circumstances, that they would not have occurred but for the fact that the person committing them was an official, purporting to exercise official powers. See West v. Atkins, 487 U.S. 42, 49 (1988). Defendants Pierce and Lopez are not state officials. Although defendant Waller is a government official, he was not acting in his capacity as a Deputy Fire Chief when he asked his friend, the Police Chief, to assist defendant Pierce.

An otherwise private person can act "under color of" state law when he engages in a conspiracy with state officials to deprive another of federal rights. See Tower v. Glover, 467 U.S. 914, 920 (1984). The plaintiff has alleged that defendants Pierce, Lopez and Waller conspired with the police to effect his arrest. In light of these allegations, the claims against defendants Pierce, Lopez and Waller will proceed at this time.

5

B.   <u>Conspiracy</u>

Within the body of the complaint, the plaintiff references claims for conspiracy pursuant to 42 U.S.C. §§ 1985 and 1986. As the plaintiff references denial of equal protection, the court assumes that he intends to invoke section 1985(c).  In order to state a claim under this provision, the plaintiff must show that the conspiracy was motivated by a racial or otherwise class-based invidious discriminatory animus.  <u>See</u> <u>Iqbal v. Hasty</u>, 490 F.3d 143, 176 (2d Cir. 2007), <u>rev'd on other grounds</u>, <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009).  Section 1985(3) may not be construed as a "general federal tort law"; it does not provide a cause of action based on the denial of due process or any other constitutional right.  <u>Griffin v. Breckenridge</u>, 403 U.S. 88, 101-02 (1971).  The plaintiff makes no reference to racial or class-based discrimination.  Thus, his section 1985 claim fails.

Section 1986 provides no substantive rights; it merely provides a remedy for the violation of section 1985.  <u>Adickes v. S.H. Kress & Co.</u>, 398 U.S. 144, 222 n.28 (1970) (Brennan, J., concurring in part and dissenting in part).  Thus, a prerequisite for an actionable claim under section 1986 is a cognizable claim under section 1985.  As the plaintiff has not

6

asserted a cognizable claim under section 1985, his section 1986 claim fails as well.

IV.  Motion for Appointment of Counsel

The plaintiff seeks appointment of pro bono counsel in this action pursuant to 28 U.S.C. § 1915.  The Second Circuit repeatedly has cautioned the district courts against the routine appointment of counsel.  See, e.g., Ferrelli v. River Manor Health Care Center, 323 F.3d 196, 204 (2d Cir. 2003); Hendricks v. Coughlin, 114 F.3d 390, 396 (2d Cir. 1997).  The Second Circuit also has made clear that before an appointment is even considered, the indigent person must demonstrate that he is unable to obtain counsel.  Saviano v. Local 32B-32J, 75 F. App'x 58, 59 (2d Cir. 2003) (quoting Cooper v. A Sargenti Co., 877 F.2d 170, 173 (2d Cir. 1989)).

In his motion, the plaintiff identifies one attorney who declined representation due a conflict of interest and two organizations that no longer provide legal assistance.  These efforts are insufficient to demonstrate that the plaintiff cannot obtain legal assistance on his own for this case.  The plaintiff's motion is denied without prejudice as premature.

**ORDERS**

In accordance with the foregoing analysis, the court enters the following orders:

(1)  All claims pursuant to 42 U.S.C. §§ 1985 and 1986 are hereby **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1).

(2)  The Clerk is directed to prepare waiver of service of summons packets for defendants Hightower, Gogins and Waller in their individual capacities and mail the packets to these defendants at the Hartford Emergency Complex Building, 253 High Street, Hartford, CT 06103, within **twenty-one (21) days** from the date of this Order.  The Clerk shall report to the court on the status of that waiver request on the thirty-fifth (35th) day after mailing.  If any defendant fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service on the defendant in his individual capacity and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(3)  The **Clerk shall** prepare a summons form and send an official capacity service packet to the U.S. Marshal Service. The U.S. Marshal is directed to effect service of the complaint on defendants Hartford Police Department and defendants

Hightower and Gogins in their official capacities the defendants in their official capacities in care of the Hartford City Clerk, 550 Main Street, Hartford, CT 06103, within **twenty-one (21) days** from the date of this order and to file a return of service within thirty (30) days from the date of this order.

(4)  The defendants shall file their response to the Complaint, either an answer or motion to dismiss, within sixty (60) days from the date the waiver forms are sent.  If they choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claim recited above. They also may include any and all additional defenses permitted by the Federal Rules.

(5)  Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within **seven months (210 days)** from the date of this Order.  Discovery requests need not be filed with the court.

(6)  All motions for summary judgment shall be filed within **eight months (240 days)** from the date of this Order.

(7)  Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed.  If no response is filed, or

9

the response is not timely, the dispositive motion can be granted absent objection.

 (8) If the plaintiff changes his address at any time during the litigation of this case, Local Court Rule 83.1(c)2 provides that the plaintiff MUST notify the court. Failure to do so can result in the dismissal of the case. The plaintiff must give notice of a new address even if he is incarcerated. The plaintiff should write "PLEASE NOTE MY NEW ADDRESS" on the notice. It is not enough to just put the new address on a letter without indicating that it is a new address. If the plaintiff has more than one pending case, he should indicate all of the case numbers in the notification of change of address. The plaintiff should also notify the defendant or the attorney for the defendant, of his new address.

 (9) The court cannot effect service of the complaint on defendants Lopez and Pierce without their addresses. The plaintiff is directed to file a notice containing the addresses of these two defendants within **twenty (20) days** from the date of this order. Failure to comply with this order will result in the dismissal of all claims against defendants Lopez and Pierce.

 (10) The plaintiff's motion for appointment of counsel [**Doc. #3**] is hereby **DENIED** without prejudice.

It is so ordered.

Dated at Hartford, Connecticut this 1st day of July, 2015.

                                  _____/s/AWT_____
                                     Alvin W. Thompson
                              United States District Judge