### UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

```
-----------------------------x
                             :
CHARLES C. WILLIAMS          :     Civil No. 3:15CV00933(AWT)
                             :
v.                           :
                             :
THE CITY OF HARTFORD,        :     May 2, 2016
et al.                       :
                             :
-----------------------------x
```

### RULING ON MOTIONS TO COMPEL [DOC. ##103, 107, 108]

Pending before the Court are three motions filed by plaintiff Charles C. Williams ("plaintiff"), seeking to compel discovery from defendants, Emery Hightower ("Hightower"), Cheryl Gogins ("Gogins"), Kimberly Taylor ("Taylor"), the City of Hartford ("Hartford" or the "City") and Terry Waller ("Waller") (Hightower, Gogins, Taylor, the City, and Waller are hereinafter sometimes collectively referred to as the "defendants"). [Doc. ##103, 107, 108]. Defendants filed a joint objection to plaintiff's first Motion for Order Compelling Discovery. [Doc. #105]. Plaintiff has also filed several letters, notices, and a brief in support of the pending motions to compel. [Doc. ##125, 121, 128, 129, 146]. For the reasons articulated below, the Court: **DENIES, as moot,** plaintiff's Motion for Order Compelling Discovery [**Doc. #103**]; **GRANTS, in part, and DENIES, in part,** plaintiff's Motion to Compel Defendant "Kimberly Taylor" for

1

Order of Discovery Request [**Doc. #107**]; and **GRANTS, in part, and DENIES, in part**, plaintiff's Motion to Order Defendants Taylor, Hightower, Gogins, and the City to Comply with Court Order [**Doc. #108**].

<u>BACKGROUND</u>

Plaintiff brings this action pursuant to 42 U.S.C. §1983 and Connecticut state law alleging police misconduct, malicious prosecution, illegal arrest, false arrest, obstruction of justice, defamation, libel, retaliation, and intentional infliction of emotional distress. <u>See</u> Doc. #42, Amended Complaint. He alleges violations of his rights under the First, Eighth, Fourth, Fifth, Sixth and Fourteenth Amendments. <u>Id.</u>

The following allegations are derived from plaintiff's Amended Complaint. <u>See</u> Doc. #42. Plaintiff alleges that his former girlfriend, A.P., filed a false complaint against him for aggravated sexual assault and risk of injury to a minor. Plaintiff alleges that the defendants, Chief of the Hartford Police Hightower, Hartford Fire Chief Waller, Hartford Detective Gogins, and defendant Taylor, colluded with A.P. to file this false complaint. Plaintiff was ultimately arrested on charges of aggravated assault and risk of injury to minor. Plaintiff alleges that he was acquitted of the sexual assault charge. Plaintiff further alleges that the arrest warrant application for these charges contained false statements by defendant Gogins

2

and A.P., and was presented to a judge along with fabricated evidence. Plaintiff alleges that the arrest warrant was not supported by probable cause. Plaintiff also alleges that the Hartford Police Department has an unofficial policy of perjuring statements in order to obtain arrest warrants.

## DISCUSSION

Plaintiff has filed three motions seeking to compel discovery responses from the defendants. [Doc. ##103, 107, 108]. On February 17, 2016, the Court held an in-person case management and discovery status conference to address, among other matters, the issues raised in the motions to compel. [Doc. ##131, 132]. Because plaintiff proceeds in this matter pro se, the Court interprets his briefing "liberally" and reads his filings "to raise the strongest arguments that they suggest." Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994) (citing Mikinberg v. Baltic S.S. Co., 988 F.2d 327, 330 (2d Cir. 1993)). "Though a court need not act as an advocate for pro se litigants, in pro se cases there is a greater burden and a correlative greater responsibility upon the district court to insure that constitutional deprivations are redressed and that justice is done." Davis v. Kelly, 160 F.3d 917, 922 (2d Cir. 1998) (internal quotation marks omitted) (quoting Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978)). Bearing this in mind, and to the extent the Court can glean from his submissions

3

the discovery plaintiff seeks to obtain, the Court will address each motion in turn.

## I.   **Legal Standard**

Rule 26(b)(1) of the Federal Rules of Civil Procedure sets forth the scope and limitations of permissible discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). "The party resisting discovery bears the burden of showing why discovery should be denied." Cole v. Towers Perrin Forster & Crosby, 256 F.R.D. 79, 80 (D. Conn. 2009).

## II.   **Motion for Order Compelling Discovery [Doc. #103]**

Plaintiff's first Motion for Order Compelling Discovery [Doc. #103] seeks to compel responses to plaintiff's written discovery requests directed to each of the defendants. [Doc. #103]. Because the relief sought in this motion is identical to that sought in plaintiff's more substantive "Motion to Order All defendants to Compel Defendants 'Kimberly Taylor, Emery Hightower, Cheryl Gogins, City of Hartford, Hartford Police Dept.' Comply with Court Order" [Doc. #108], the Court **DENIES,**

4

**as moot**, plaintiff's first Motion for Order Compelling Discovery. [**Doc. #103**].

### III. Motion to Compel Defendant "Kimberly Taylor" for an Order of Discovery Request [Doc. #107]

Plaintiff seeks to compel responses to two sets of discovery requests, dated October 24, 2015, and September 30, 2015, directed to defendant Taylor. [Doc. #107]. Plaintiff contends that defendant Taylor "has not completely complied with the discovery request." Id. at 1. Attached to plaintiff's motion are defendant Taylor's responses and objections to the discovery requests at issue. Id. at 6-9, 17-19. In plaintiff's Brief in Support of Motions to Compel Requested Discovery, plaintiff reiterates the documents and other information he seeks from defendant Taylor. [Doc. #121 at 1]. The Court will address each contested request in turn.[1]

#### a. Documents Relating to Defendant Taylor's Job Duties (Request 1)

Plaintiff seeks the following documents in his September 30, 2015, and October 24, 2015, requests for production, respectively:

---

[1] The Court shall only address those requests to which defendant Taylor has objected. There is no objection lodged to, nor does plaintiff appear to take issue with, defendant Taylor's responses to Requests 3, 4, and 5 of the September 30, 2015, Requests, and Request 7 of the October 25, 2015, Requests. See Doc. ##108, 121.

1. Any and all articles, rules, policy, regulation, directives, or guidelines pertaining to "Ms. Taylor" job description.

1. Any and all rules, policy, guidelines and regulations of her job description code of conduct, standards, of her employment for the "City of Hartford."

[Doc. #107 at 6, 17]. Defendant Taylor did not object to these requests, and responded "See attached." Id. Plaintiff fails to articulate how defendant Taylor's production is deficient with respect to these Requests. Because the Court cannot speculate as to what is missing, or how defendant Taylor's production is otherwise deficient, the Court **DENIES** plaintiff's motion to compel as to Request 1 directed to defendant Taylor.

**b. Documents Relating to "Citizen Complaints" (Requests 2, 3, 4, 5, 6 and 8)**

The next category of requests relates to "citizen complaints" filed by plaintiff with the Hartford Police Department. Plaintiff seeks the following documents:

2. Identify and attach copy of internal affairs investigations reports pertaining to any and all civilian complaints filed by the "plaintiff" that went through Defendant "Taylor" office.

2. Copy of citizen complaints filed by the plaintiff and reviews, evaluations and recommendations, and responses, or findings by investigators who investigated the plaintiff citizen complaints in 2012, 2013, and 2015.

3. Copy of the defendant reviews of the plaintiff's citizen complaints in 2012 and 2013.

4. Copies of incident reports, investigative reports filed pertaining to the plaintiff citizen complaints in 2012, 2013 and findings by the civilian police review board.

5. Copy of any reports, or documents pertaining to the plaintiff "Appeal" he filed in opposition to the "chief of police" findings to the plaintiff citizen complaint (#cc2015-019).

6. Copy of any reports, investigations pertaining to citizen complaints filed by the plaintiff in 2012, 2013, 2015 and citizen complaint #cc2015-019.

8. Copy of all incident reports pertaining to citizen complaint (# cc2015-019) case #2014-33708 and 2013-33708.

[Doc. #107 at 6-8, 17-18]. To all but one of these requests,[2]

defendant Taylor posed the same objection and response:

> The defendant objects to this request for production in that it is overbroad and unduly burdensome. Additionally, the defendant objects to the request for production in that it is vague, in relation to what documents specifically the plaintiff seeks. The defendant objects to this request for production in so far as it may be construed to seek documents or information other than statistical data, such as police reports or incident reports or evidence related to other cases. Any such information is immaterial and irrelevant to the allegations against this defendant. ... Additionally, such information may [be] protected from disclosure by multiple Connecticut statutes.

---

[2] In response to Request 5, defendant Taylor responded: "I have not located anything in the corresponding file regarding 'Appeal'" [Doc. #107 at 7]. Although plaintiff seeks to compel the production of documents in response to this Request, defendant Taylor's verified response reveals that there are no responsive documents. Because plaintiff fails to allege that defendant Taylor has not undertaken an adequate search, or other facts to suggest that this response is deficient, plaintiff's motion with respect to Request 5 directed to defendant Taylor is **DENIED.**

> Additionally, the defendant objects because such case files may contain significant confidential and personal information[.] Any medical information in the files would be protected from disclosure pursuant to [HIPAA] and its corresponding federal regulations, as well as Connecticut statutes.
>
> Notwithstanding and without waiver of objection, I am referring the plaintiff to the production of Cheryl Gogins and Emory Hightower, incorporated herein by reference.

[Doc. #107 at 6-8 (internal citations omitted)]. As an initial matter, the Court notes that many of defendant Taylor's objections, reflecting concerns about the disclosure of private or confidential information, have largely been addressed by the Court's order granting defendants' joint motion for protective order (hereinafter the "Protective Order"). See Doc. #132 at 4-5. Additionally, plaintiff specifically states in his motion that any confidential information such as phone numbers, victim names, and medical information, may be redacted from the documents produced. [Doc. #107 at 3]. Accordingly, defendant Taylor's objections with respect to the disclosure of private or confidential information are **SUSTAINED** by agreement or prior ruling of this Court. See id.[3]

---

[3] Items containing confidential information must be disclosed, if responsive, but should be redacted to comply with the Court's Protective Order, See Doc. #132 at 3-5, or by the plaintiff's agreement. See, e.g., Doc. #107 at 3.

Turning to the substance of plaintiff's requests, many of the requests are duplicative, vague and unduly burdensome as currently phrased. Nevertheless, plaintiff clarifies precisely what he seeks in his Brief in support of Motions to compel Requested Discovery:

> The plaintiff seeks Any and all grievance, complaints, of his own citizen complaints he had filed with the police review board which the defendants had received, which concerned mistreatment of the plaintiff by the defendants. The plaintiff seeks Any documents, created in response to the plaintiffs citizen complaints such as memorandum, investigative files from independent private investigators Firm which had investigated the plaintiff's complaints in 2012, 2013, 2014, and 2015.

[Doc. #121 at 4 (sic)]. In short, plaintiff seeks copies of the citizen complaints he previously filed and the Hartford Police Department's investigations and responses to those complaints. These complaints are relevant because they form the basis of the retaliation claim in Count 8 of the Amended Complaint.

In her responses, defendant Taylor refers plaintiff to the production of defendants Gogins and Hightower, but does not specifically identify the Bates numbers of the other production which is responsive to the requests. Therefore, on or before May 16, 2016, defendant Taylor shall provide plaintiff with amended responses that identify by Bates number the documents responsive to plaintiff's requests. Additionally, defendant Taylor shall produce to plaintiff, to the extent they have not already been produced by another defendant, copies of any citizen complaints

filed by plaintiff with the Hartford Police Department for the years 2012, 2013, 2014, and 2015. Defendant Taylor shall also produce, on or before May 16, 2016, to the extent that such documents have not already been produced by another defendant, any non-privileged documents generated in the course of investigating plaintiff's complaints, including, without limitation, any command review worksheets, investigative reports, investigative plans, and/or interdepartmental memoranda relating to plaintiff's specific complaints. Defendant Taylor may redact these documents in accordance with the Court's Protective Order. See Doc. #132 at 4-5, Doc. #107 at 3.

Accordingly, for the reasons stated, plaintiff's Motion to Compel Defendant "Kimberly Taylor" for Order of Discovery Request [**Doc. #107**] is **GRANTED, in part, and DENIED, in part**, as articulated above.

## IV. Motion to Order Defendants Taylor, Hightower, Gogins, and the City to Comply with Court Order [Doc. #108]

Plaintiff's next motion seeks an order compelling defendants Taylor, Hightower, Gogins, the City and Waller[4] to respond to plaintiff's document requests. [Doc. #108].[5]

---

[4] Although Waller is not specifically named in the Motion to Compel, as discussed during the February 17, 2016, case management and discovery conference, plaintiff also takes issue with the discovery responses provided by defendant Waller. See Doc. #132 at 2. Accordingly, the court will review the responses and objections of Waller to plaintiff's written discovery

10

**a. Law Applicable to Certain Requests**

Many of plaintiff's requests to the remaining defendants are duplicative and/or implicate the same principles of law, necessitating the below review of applicable law.

**i.   *"Answers" to Requests for Production***

The Court's review of the defendants' responses to plaintiff's discovery requests reveals that in a number of instances, substantive narrative responses were provided instead of documents due to the wording of plaintiff's requests. Such responses constitute an "answer" which, pursuant to Rule 34 of the Federal Rules of Civil Procedure, requires a signature under oath by the responding party. See Napolitano v. Synthes USA, LLC, 297 F.R.D. 194, 200 (D. Conn. 2014) (supplemental response to request for production, which stated that all documents had been produced, was "an answer" that required signature under oath by party).

---

requests, which were filed on February 24, 2016. [Doc. #143].

[5] To the extent that plaintiff seeks an order compelling the Hartford Police Department to produce documents, as a defendant, this request is **DENIED, as moot,** in light of Judge Thompson's Order dismissing the Hartford Police Department from this case. See Doc. #75. The Court further **DENIES, as moot,** plaintiff's motion to compel as to defendant Taylor, in light of the Court's Ruling on plaintiff's motion to compel with respect to this defendant. See Section III., supra.

### ii. Assertions of Connecticut Law

Many of the defendants' objections, which invoke privacy concerns akin to a privilege, are based on Connecticut state law. "[Q]uestions about privilege in federal question cases are resolved by the federal common law." Woodward Governor Co. v. Curtiss Wright Flight Sys., Inc., 164 F.3d 123, 126 (2d Cir. 1999) (alterations added); see also Vidal v. Metro-N. Commuter Ry. Co., No. 3:12CV0248(MPS)(WIG), 2014 WL 413952, at *3 (D. Conn. Feb. 4, 2014) ("Where the district court's subject matter jurisdiction is based on a federal question, privilege issues are governed by federal common law."). Plaintiff brings this action pursuant to 42 U.S.C. §1983 and Connecticut state law alleging police misconduct, malicious prosecution, illegal arrest, false arrest, obstruction of justice, defamation, libel, retaliation, and intentional infliction of emotional distress. See Doc. #42. "[T]he Second Circuit has held that where there is federal question jurisdiction and the evidence sought is relevant to both the federal and state claims, 'courts consistently have held that the asserted privileges are governed by the principles of federal law.'" Tavares v. Lawrence & Mem'l Hosp., No. 3:11CV770(CSH), 2012 WL 4321961, at *6 (D. Conn. Sept. 20, 2012) (alterations added)(quoting von Bulow by Auersperg v. von Bulow, 811 F.2d 136, 141 (2d Cir. 1987)). In an action such as the one at issue here, "where federal

12

jurisdiction is based on the presence of a federal claim and
supplemental jurisdiction exists over the state claim, federal
law of privilege controls the question whether the privileges
asserted ... should be recognized." Id. (alterations in
original). Accordingly, because plaintiff has filed a federal
claim seeking redress for alleged violations of his civil
rights, and has invoked the Court's supplemental jurisdiction
over his State law claims for defamation, libel, and intentional
infliction of emotional distress, any privileged asserted by the
defendants is governed by federal common law.

   Among others, defendants specifically invoke Connecticut
General Statute section 31-128f, which recognizes a privacy
interest in personnel files. Although this statute, like the
others cited, "may be viewed as persuasive in expressing the
Connecticut legislature's desire to protect the privacy of such
records, [] it does not control." Id. (alterations added).
"Judges in this District have repeatedly recognized that when
personnel information ... is necessary and relevant to a case, a
court may order limited disclosure of that information
consistent with the dictates of § 31-128f." Gibbs v. Am. Sch.
For The Deaf, No. 3:05CV563(MRK), 2007 WL 1079992, at *1 (D.
Conn. Apr. 4, 2007) (alterations added) (collecting cases).

### iii. Disclosure of Police Disciplinary Records

Plaintiff seeks documents relating to several of the defendants' work histories within the Hartford Police and Fire Departments, including suspensions, reprimands, disciplinary histories and sanctions. See, e.g., Doc. #108 at 17. As a general matter, in a section 1983 case such as this, "[d]isciplinary records involving complaints of a similar nature, whether substantiated or unsubstantiated, could lead to evidence that would be admissible at trial and thus, are discoverable." Frails v. City of New York, 236 F.R.D. 116, 117-18 (E.D.N.Y. 2006) (alterations added) (compiling cases). "The theory for permitting discovery concerning disciplinary history is that it may lead to evidence of pattern, intent and absence of mistake, or support a plaintiff's claim for municipal liability under Monell v. Department of Social Services, 436 U.S. 658 (1978)[.]" Phillips v. City of New York, 277 F.R.D. 82, 83 (E.D.N.Y. 2011) (internal citations omitted). "Accordingly, courts have held that records of disciplinary charges, internal investigations, and complaints concerning prior instances of misconduct which are similar to the misconduct alleged by the plaintiff 'could lead to evidence that would be admissible at trial and thus, are discoverable.'" Chillemi v. Town of Southampton, No. 12-3370(ADS)(AKT), 2015 WL 1781496, at *6 (E.D.N.Y. Apr. 20, 2015) (quoting Frails, 236 F.R.D. at 117-18).

14

With this framework in mind, the Court turns to the discovery requests at issue.

### b. Requests directed to Defendant Detective Gogins

Plaintiff served defendant Gogins, in both her individual and official capacities, with two sets of requests for production, dated September 7, 2015, and September 30, 2015, respectively. <u>See</u> Doc. #108 at 11-16, 29-34. The Court's review of the Requests, and defendant Gogins' responses, reveals that both the Requests and the responses are identical. Accordingly, for purposes of this Ruling, the Court will refer only to the September 7, 2015, Requests, along with the respective responses and objections.

#### i. *Request 1*

Plaintiff's first Request seeks: "Any and all articles, rules, policy, regulations of the Hartford Police Department Officer's conduct or standards on and off duty[.]" [Doc. #108 at 11]. Defendant Gogins objected:

> This defendant objects to this request for production in so far as it is immaterial and irrelevant to the allegations against this defendant. ... Furthermore this request for production is unlike to lead to the discovery of admissible information evidence. Furthermore, the defendant objects because this request production is overly broad and unduly burdensome.

<u>Id.</u> (sic). Plaintiff clarifies in his Brief in Support of Motions to Compel Requested Discovery that he seeks the Hartford

Police Department's "code of conduct on duty, Police of standard of care or duty of care that owed to the public in the Community[,]" and a "Copy of Hartford police officers oaths to become a police officer." [Doc. #121 at 3]. Plaintiff's request as phrased is overly broad and unduly burdensome on its face. Nevertheless, in light of the allegations of plaintiff's Amended Complaint which allege police misconduct and abuse of power within the Hartford Police Department during the years 2012 and 2013, see, e.g., Doc. #42, at ¶¶30, 34-40, on or before May 16, 2016, defendant Gogins shall produce to plaintiff: (1) a copy of the Hartford Police Department's Code of Conduct effective in 2012 and 2013; and (2) a copy of the police officer's oath upon taking office effective in 2012 and 2013. Accordingly, the Court **GRANTS, in part, and DENIES, in part**, plaintiff's motion to compel with respect to Request 1 directed to defendant Gogins.

### ii.  Request 2

Plaintiff's second Request seeks "Rule against falsifying statements, or incident reports[,]" to which defendant Gogins objected:

> This defendant objects to this request for production in so far as it is immaterial and irrelevant to the allegations against this defendant. ... Furthermore this request for production is unlike to lead to the discovery of admissible information evidence. Furthermore, the defendant objects because this request production is overly broad and unduly burdensome.

16

[Doc. #108 at 11 (sic)]. In light of the plaintiff's pro se
status, the Court construes this request as seeking any Hartford
Police Department rules prohibiting the falsification of
incident reports or affidavits supporting warrant applications,
which were effective during 2012 and 2013. Again, this Request,
as construed by the Court, is relevant to plaintiff's allegation
that defendant Gogins "supplied a false statement in her
Affidavits for the arrest Warrant Applications ... and
fabricated false evidence and presented that information to [a
judge]." [Doc. #42 at ¶22]. It further goes to plaintiff's
Monell claims against the City that there was an "unofficial
policy" of Hartford police officers providing perjured
statements to obtain arrest warrants. Id. at ¶36. See, e.g.,
Fletcher by Fletcher v. City of New York, No. 84CV1376(IBC),
1988 WL 13770, at *4 (S.D.N.Y. Feb. 16, 1988) (In a section 1983
case alleging that defendant City of New York was negligent in
investigating a shooting and that through its employees it
violated decedent plaintiff's rights, the Court ordered
defendant to produce "Police Department guidelines, rules,
regulations, patrol guides, interim orders and any other
documents from the Police Academy as to the requirements for
submitting evidence obtained at a crime scene to police
laboratory for analysis, effective in 1983[.]"). Therefore, on
or before May 16, 2016, defendant Gogins shall produce to

17

plaintiff a copy of any Hartford Police Department rules which
were effective in 2012 and 2013, which prohibited the
falsification of incident reports or affidavits supporting
warrant applications. Accordingly, the Court **GRANTS, in part,
and DENIES, in part**, plaintiff's motion to compel with respect
to Request 2 directed to defendant Gogins.

### iii. Request 3

Plaintiff's third Request seeks a "[c]opy of [A.P.'s]
signed statements of sexual assault in 2013 during her first
original allegation, of the complaint case #2013-33708[.]" [Doc.
#108 at 11]. Defendant Gogins objected

> in that is seeks production of information regarding
> reports and identifying information of victims of
> sexual assault, which is confidential and statutorily
> protected from disclosure and/or limited to disclosure
> only under particular circumstance, which are not
> present in this case. <u>See</u>, Conn. Gen. Stat. §§ 54-86b
> and 84-86e.

<u>Id.</u> at 12 (sic). The Court **OVERRULES, in part**, defendant Gogins'
objections to this Request.

Federal common law applies to this action with respect to
any claimed evidentiary privileges, and the Court is not bound
by the dictates of Conn. Gen. Stat. §§54-86b and 84-86e, which
defendant relies upon to prevent disclosure of these records.
<u>See</u> <u>Woodward</u>, 164 F.3d at 126; <u>Tavares</u>, 2012 WL 4321961, at *6.
Defendants have not asserted any federal law basis for
withholding these materials, but presumably, defendants seek to

18

withhold such documents on the basis of undue burden or embarrassment. The Court remains cognizant of the defendants' concerns regarding disclosure of any identifying information of A.P. and her minor children.

In that regard, defendants' reply brief, which the Court has stricken, [Doc. ##130, 137], partially relies on Connecticut Practice Book section 40-10 to prevent the disclosure of A.P.'s statements. [Doc. #130 at 10]. This section provides, in pertinent part, that materials furnished to counsel for a criminal defendant in anticipation of trial may only be used for purposes of defending the criminal case, and may not be disclosed to other persons absent the prior approval of the prosecuting authority or court. See Conn. Prac. §40-1(a). However, such state rules are not dispositive in federal question cases such as the one here. See Crosby v. City of New York, 269 F.R.D. 267, 274 (S.D.N.Y. 2010).

> [I]n cases presenting federal questions, such as here, discoverability, privileges, and confidentiality are governed by federal law, not state law. "[S]tate statutory privileges ... must be construed narrowly, 'and must yield when outweighed by a federal interest in presenting relevant information to a trier of fact.'" In other words, state privilege rules should not be permitted to "frustrate the important federal interests in broad discovery and truth-seeking and the interest in vindicating important federal substantive policy such as that embodied in section 1983." Nonetheless, "the policies underlying state evidentiary privileges must still be given serious consideration, even if they are not determinative."

Id. (alterations modified) (footnotes omitted). Here, plaintiff alleges that A.P. filed a false report against him, which was used to support an affidavit seeking an arrest warrant. In light of this allegation, the information sought, namely A.P.'s statements to law enforcement, is relevant, particularly in light of the claim that A.P. changed her story regarding the nature of the weapon with which plaintiff allegedly threatened her.[6] Plaintiff's need for this specific information outweighs the policy underlying Connecticut Practice Book section 40-10. Therefore, on or before May 16, 2016, defendant Gogins shall produce to plaintiff a copy of A.P.'s sworn statements concerning her allegations of sexual assault in case number 2013-33708. Defendant Gogins shall redact from these documents any identifying information of A.P., her minor children, and/or any third-party witnesses. Accordingly, the Court **GRANTS, in**

---

[6] Plaintiff's Request, even construed liberally, does not seek disclosure of A.P.'s medical records generated in the course of her sexual assault investigation. Plaintiff reiterates in his Brief in Support of Motions to Compel Requested Discovery that he seeks A.P.'s "original signed statements" because such documents are "relevant to the plaintiff claim that defendant Gogins submitted two different sworn statements of [A.P.] alleged account of rape which [A.P.] claim allegedly she was raped at gun point." [Doc. #121 at 3 (sic) (alterations added). Not only are A.P.'s related medical documents not relevant to this claim, but such documents implicate an entirely different set of privacy and confidentiality concerns than a sworn statement made to law enforcement. Accordingly, even to the extent that Request 3 can be construed as seeking A.P.'s related medical records, the Court will not require defendant Gogins to disclose such records to plaintiff.

**part**, plaintiff's motion to compel as to Request 3 directed to defendant Gogins, subject to the Court's Protective Order.

### iv.   Request 4

Plaintiff's fourth Request asks defendant Gogins to: "Identify and attach copy of police report case# 2013-28253 relating to police report 2013-33708[.]" [Doc. #108 at 12]. Defendant Gogins objected that this request

> is immaterial and irrelevant to the allegations
> against this defendant. ... Furthermore this request
> for production is unlike to lead to the discovery of
> admissible information evidence.

Id. (sic). Plaintiff's Brief in Support of Motions to Compel Requested Discovery argues that this information "is relevant to the plaintiff claim that Defendant Gogins submitted two different sworn statements of [A.P.'s] alleged account of rape[.]" [Doc. #121 at 3]. Based on these representations, and in light of defendant Gogins' boilerplate objections, the Court will require defendant Gogins to produce a copy of the police report for case number 2013-2853 on or before May 16, 2016. See In re Priceline.com Inc. Sec. Litig., 233 F.R.D. 83, 85 (D. Conn. 2005) ("[T]he objecting party must 'show specifically how, despite the broad and liberal construction afforded the federal discovery rules, each [request] is not relevant[.]'" (alterations modified) (quoting Compagnie Francaise d'Assurance Pour le Commerce Exterieur v. Phillips Petroleum Co., 105 F.R.D.

16, 42 (S.D.N.Y.1984))).  Defendant Gogins shall redact from this document any identifying information of A.P. or her minor children. Accordingly, the Court **OVERRULES** defendant Gogins' objections, and **GRANTS, in part**, plaintiff's motion to compel as to Request 4 directed to defendant Gogins, subject to the Protective Order.

### v.   Request 5

Plaintiff's fifth Request seeks a "[c]opy of Det. Philip Fuschino original report pertaining to sexual assault complaint before you were assigned by police chief Hightower[.]" [Doc. #108 at 12]. Defendant Gogins objected and responded as follows:

> **OBJECTION:** Defendant objects to plaintiff's claim that she was "assigned by police chief Hightower, and objects to any inference that by answering this request for production that the allegation is true.

> **RESPONSE:** Without waiving the above referenced objection, Det. Fuscino did not write a report related to the investigation of the sexual assault, which occurred on February 12, 2013. Det. Fushino was involved in another investigation related to a separate assault by the plaintiff upon the victim [A.P.] but due to a car accident in May 2013, primary responsibility for that case transferred to Det. Cheryl Gogins, and when the sexual assault allegation was reported in September 2013, that case was assigned to Det. Gogins as well.

[Doc. #108 at 12 (sic)]. In light of the representation that Det. Fuschino did not write a report related to the investigation of the sexual assault, the Court cannot order defendant Gogins to produce something which does not exist.

Plaintiff has made no showing that the defendant is wrongfully withholding this document, or has failed to make an adequate search. Accordingly, the Court **DENIES** plaintiff's motion to compel as to Request 5 directed to defendant Gogins. Nevertheless, in light of detective Gogins' "response", the Court will require Detective Gogins to submit a sworn verification of this response pursuant to Federal Rules of Civil Procedure 34, on or before May 16, 2016. See Napolitano, 297 F.R.D. at 200.

### vi.  Requests 6, 9 and 10

Plaintiff's sixth, ninth and tenth Requests seek documents relating to defendant Gogins' completion of various training courses relating to sexual assault and domestic violence:

> 6. Attach copy of completed certificate of sexual assault investigations that is certified by Department of Emergency Services, and Public Protection proving Det. Cheryl Gogins completed this course[.]
>
> 9. Copy of hours of sexual assault course training program and investigations of rape crisis intervention pursuant to Conn. Gen. Stat. 7-294f that "Cheryl Gogins" had completed which qualify her to investigate sexual assaults, for the Hartford Police Dept.
>
> 10. Copy of hours, and completed certificate of Domestic Violence training course [] pursuant to Conn. Gen. Stat[.] 7-294g that Cheryl Gogins completed.

[Doc. #108 at 12-14]. Defendant raised the same objection to each request:

**OBJECTION:** This defendant objects to this request for production in so far as it is immaterial and irrelevant to the allegations against this defendant. ... Furthermore this request for production is unlike to lead to the discovery of admissible information evidence[.]

Additionally, any such records, are rightfully characterized as portions of the defendant's personnel records, which are protected from disclosure by Conn. Gen. Stat. § 31-128f[.] ... Although the statute does provide for some exceptions, including for disclosure pursuant to a court order, the plaintiff has made no showing whatsoever, to overcome the privilege and expectation of privacy that the statute is intended to provide.

Finally, such documents may contain significant personal and private information that the defendant has a valid interest in keeping private ... Disclosure of any such information exposes the defendant to an unwarranted violation of her privacy, to the risk of identity theft, and to the very real risks to her personal safety that may be presented by providing her personal information to the plaintiff[.]

[Doc. #108 at 12-14 (sic) (internal citations omitted)]. In his Brief in Support of Motions to Compel Requested Discovery, plaintiff represents that this information is relevant to his claims of liability against the municipality. [Doc. #121]. The Court finds that this information may lead to the discovery of admissible evidence in light of the allegations in plaintiff's Amended Complaint that defendant Gogins failed to adequately investigate the alleged sexual assault of A.P. and fabricated statements to obtain an arrest warrant. See generally Doc. #42

at ¶¶19-22, 25.[7] Further, because federal common law applies to this action with respect to any claimed evidentiary privileges, the Court is not bound by the dictates of Conn. Gen. Stat. §31-128f, which defendant relies upon to prevent disclosure of these records. See Woodward, 164 F.3d at 126; Tavares, 2012 WL 4321961, at *6. Accordingly, to the extent defendant Gogins objects on the grounds of Conn. Gen. Stat. §31-128f, this objection is **OVERRULED**.

With respect to any alleged privacy concerns, the Court is hard-pressed to imagine the sort of private and confidential information that would be contained on any such course completion certificate. Further, the plaintiff has made it abundantly clear that he does not seek any private and confidential information of the defendants. See doc. #121 at 4 ("The plaintiff does not seek 'any personal records medical

---

[7] In addition to the reasons stated, the Court further finds that the documents sought in Request 6 are relevant to plaintiff's claim for punitive damages against defendant Gogins. See Doc. #42 at 44. Indeed, such evidence may support a claim that Defendant Gogins was not merely negligent in her investigation of the alleged sexual assault, but rather, that she wilfully and maliciously failed to adequately investigate the alleged sexual assault of A.P. See Doe v. City of Waterbury, No. CIV. 3:01CV2298, 2009 WL 3348314, at *2 (D. Conn. Oct. 15, 2009) ("Punitive damages are available for Section 1983 claims to punish the defendant for h[er] willful or malicious conduct and to deter others from similar behavior." (alterations added) (citing Memphis Cmty. School Dist. v. Stachura, 447 U.S. 299, 307 n.9 (1986))).

records, [illegible], vacation, address, children names etc.'"). Moreover, any such concerns about the disclosure of private or confidential information, any such information may be redacted from these documents in accordance with Federal Rule of Civil Procedure 5.2(a), District of Connecticut Local Civil Rule 5(e)8, and by agreement of plaintiff. Accordingly, defendant Gogins' objections on the grounds of privacy concerns are likewise **OVERRULED**, and plaintiff's motion to compel as to Requests 6, 9, and 10 directed to defendant Gogins is **GRANTED, in part**, as follows: On or before May 16, 2016, defendant Gogins shall produce copies of any training/course completion certificates relating to sexual assault investigation and/or rape crisis intervention training she completed in the years 2011, 2012, and 2013.

### vii. Request 7

Request 7 seeks a "[c]opy of number of sexual assaults Cheryl Gogins investigated in the last three years[.]" [Doc. #108 at 13]. Defendant Gogins objected and responded as follows:

> **OBJECTION:** The defendant objects to this request for production in that it is overbroad and unduly burdensome. Additionally, the defendant objects to the request for production in that it is vague, in relation to what documents specifically the plaintiff seeks. The defendant objects to this request for production in so far as it may be construed to seek documents or information other than statistical data, such as police reports or incident reports or evidence related to other cases. Any such information is immaterial and irrelevant to the allegations against

26

this defendant. ... Additionally, such information may
be protected from disclosure by multiple Connecticut
statutes.

Additionally, the defendant objects because such case
files may contain significant confidential and
personal information ... Any medical information in
the files would be protected from disclosure pursuant
to [HIPAA] and its corresponding federal regulations,
as well as Connecticut Statutes.

**RESPONSE:** Without waiving the above referenced
objection, there are no statistics kept as to the
specific number of sexual assault cases that
individual officers have investigated. However, Det.
Gogins estimates that she has investigated well over
one hundred cases in the course of her career.

[Doc. #108 at 13-14 (internal citations omitted)]. The Court

will not require defendant Gogins to produce copies of the

reports, or other documents, relating to sexual assaults that

she has investigated in the past three years. Not only does this

request seek entirely irrelevant information, as it seeks

information that is not relevant to the time period at issue,

but the production of such information may jeopardize ongoing

investigations and the safety of victims. The Court further

finds that defendant Gogins' response adequately provides the

information that plaintiff seeks. Accordingly, the Court **DENIES**

plaintiff's motion to compel as to Request 7 directed to

defendant Gogins. Nevertheless, in light of detective Gogins'

"response", the Court will require Detective Gogins to submit a

sworn verification of this response pursuant to Federal Rules of

27

Civil Procedure 34, on or before May 16, 2016. See Napolitano,
297 F.R.D. at 200.

> ### viii.      Request 8

Request 8 seeks a "[c]opy of municipal police department
course on sexual assault investigations and rape crisis
instruction that is required of the State of Connecticut General
Statute 7-294b and 7-294f the Hartford Police Dept. is required
to provide to all Hartford Police Officers[.]" [Doc. #108 at
14]. Defendant Gogins posed the same objection as that provided
in response to Request 6. Id. Connecticut General Statutes
section 7-294f provides, in pertinent part: "[A] municipal
police department in the state shall include a course on sexual
assault investigation and rape crisis intervention and each
review training program conducted by such agencies shall make
provision for such a course." Conn. Gen. Stat. §7-294f. As an
initial matter, the Court **OVERRULES** defendant Gogins' objections
that the information sought "are rightfully characterized as
portions of defendant's personnel records," and that "such
documents may contain significant personal and private
information that the defendant has a valid interest in keeping
private." [Doc. #108 at 12]. Here, plaintiff appears to seek any
course materials used by the Hartford Police Department for
training on sexual assault investigations and rape crisis
intervention. Such information is not properly characterized as

part of a personnel record, nor is it likely to reveal any of
defendant Gogins' personal and private information. The Court,
however, will **SUSTAIN** the objection that such information is not
relevant to the plaintiff's claims. Although plaintiff
specifically alleges that Defendant Gogins failed to adequately
investigate the alleged sexual assault of A.P, see generally
Doc. #42 at ¶¶19-22, 25, the basis of plaintiff's Monell claim
against the City does not appear to relate to the failure to
train or supervise its employees, in connection with sexual
assault investigations. See id. at ¶¶34, 36 (alleging the
Hartford Police had an unofficial policy of using perjured
statements to obtain arrest warrants). "[T]o hold a city liable
under § 1983 for the unconstitutional actions of its employees,
a plaintiff is required to plead and prove three elements: (1)
an official policy or custom that (2) causes the plaintiff to be
subjected to (3) a denial of a constitutional right." Wray v.
City of New York, 490 F.3d 189, 195 (2d Cir. 2007) (citing
Batista v. Rodriguez, 702 F.2d 393, 397 (2d Cir. 1983)). Where a
plaintiff alleges deliberate indifference to constitutional
rights on the basis of failure to train or supervise employees,
in addition, a plaintiff must "identify a specific deficiency in
the city's training program and establish that that deficiency
is closely related to the ultimate injury, such that it actually
caused the constitutional deprivation." Id. (internal quotation

marks omitted) (quoting <u>Amnesty Am. v. Town of W. Hartford</u>, 631 F.3d 113, 129 (2d Cir. 2004)). No such allegation appears in the Amended Complaint. Accordingly, because plaintiff's <u>Monell</u> claim does not sound in failure to train, details of the Hartford Police Department's sexual assault investigation training program are not relevant. Moreover, producing this information could divulge confidential information of the Hartford Police Department which could jeopardize ongoing and future sexual assault investigations. Accordingly, the Court **DENIES** plaintiff's motion to compel as to Request 8 directed to Defendant Gogins.

**c. Requests directed to defendant Emory Hightower**

Plaintiff served defendant Hightower, in both his individual and official capacities, with two requests for production, dated September 7, 2015, and September 30, 2015, respectively. <u>See</u> Doc. #108 at 17-28. Many of the Requests are nearly identical. Accordingly, to the extent possible, the Court will group the Requests categorically.

**i.   Request 1 (September 7 and 30, 2015, Requests)**

Plaintiff's first Request seeks: "Any and all rules, policy, guidelines, regulations of the Hartford Police Department conduct, code, standards on and off duty." [Doc. #108 at 17]; <u>see also</u> <u>id.</u> at 23. Defendant Hightower objected:

> This defendant objects to this request for production
> in so far as it is immaterial and irrelevant to the
> allegations against this defendant. ... Furthermore
> this request for production is unlike to lead to the
> discovery of admissible information evidence.
> Furthermore, the defendant objects because this
> request [for] production is overly broad and unduly
> burdensome.

[Doc. #108 at 17 (sic)]; see also id. at 23. Plaintiff also

posed this Request to defendant Gogins. See section IV.b.1.,

supra. The Court has ordered that defendant Gogins produce a

copy of the Hartford Police Department's Code of Conduct

effective in 2012 and 2013. Id. Accordingly, the Court **DENIES**

plaintiff's motion to compel with respect to Request 1 directed

to defendant Hightower as the Request is unreasonably

duplicative of that propounded on defendant Taylor. See Fed. R.

Civ. P. 26(b)(2)(C)(i) ("On motion or on its own, the court must

limit the frequency or extent of discovery otherwise allowed by

these rules or by local rule if it determines that:

[] the discovery sought is unreasonably cumulative or

duplicative[.]" (alterations added)).

### ii. Requests 2, 3, 4 (September 7 and 30, 2015 Requests), and Request 5 (September 30, 2015 Request)

Plaintiff's second Request seeks a "[c]opy of any documents

relating to defendant 'Hightower' work history within the police

dept. in the last six years far as suspensions, reprimands,

disciplinary history, sanctions." [Doc. #108 at 17 (sic)]; see

31

also id. at 23. Requests 3 and 4 from both sets of Requests, and
Request 5 from the September 30, 2015, Requests, seek documents
relating to any misconduct, corruption, reprimands, or
complaints as to Defendant Hightower for the past six (6) years.
See Doc. #108 at 19, 25.

Defendant Hightower objected to each of these Requests:

The defendant objects to any disclosure of any records
related to his employment with the Hartford Police
Department. The plaintiff's request exceeds the scope
of permissible discovery. There was never any
complaint made by the plaintiff to the Hartford Police
Department regarding the incidents alleged in the
plaintiff's complaint against Emory Hightower and
there was never any discipline issued against the
defendant by the City in relation to the allegations
set forth in the plaintiff's complaint.

The only issue to be tried in this case is whether the
defendant violated the defendant's constitutional
rights. Records related to the defendant's
processional record, and his personnel file are
absolutely irrelevant to the plaintiff's cause of
action.

Additionally, the defendant's personnel records are
protected from disclosure by Conn. Gen. Stat. §31-
128f[.]

In addition, the defendant objects to this request for
production because the plaintiff has not articulated
or made any showing as to what type or category of
admissible evidence he believes may be revealed by
discovery of the defendant's "suspensions, reprimands,
disciplinary history, sanctions." The only possible
purpose that plaintiff has in requesting such
information is to conduct a blind fishing expedition
in the hopes of finding evidence of prior bad acts or
bad character. Such evidence would be not admissible,
and thus plaintiff's request is not "reasonably
calculated to the discovery of admissible" evidence.

... As such, the plaintiff's discovery request is not
within the scope of permissible discovery.

Furthermore, any "suspensions, reprimands,
disciplinary history, sanctions", to the extent that
they may exist in the request files, may contain
private information from third parties completely
unrelated to this claim. ... The defendant objects to
being required to produce private information of third
parties that may be contained in any such reports[.]

Additionally, the defendant objects in so far as the
records requested may contain any medical information
in the files would be protected from disclosure
pursuant to [HIPAA] and its corresponding federal
regulations, as well as Connecticut Statutes.

Finally, such files contain significant personal and
private information that the defendant has a valid
interest in keeping private ... Disclosure of any such
information exposes the defendant to an unwarranted
violation of his privacy[.]

[Doc. #108 at 18-19 (internal citations omitted)]; see also id.
at 23-25.

   Federal common law applies to this action with respect to

any claimed evidentiary privileges, and the Court is not bound

by the dictates of Conn. Gen. Stat. §31-128f, which defendant

relies upon, in part, to prevent disclosure of these records.

See Woodward, 164 F.3d at 126; Tavares, 2012 WL 4321961, at *6.

   The allegations of plaintiff's complaint relate to an

alleged abuse of defendant Hightower's power as Hartford's

Police Chief. See Doc. #42, at ¶¶17-19, 29-30; see also Doc.

#121 at 5 ("The plaintiff has alleged that this defendant used

his Authority for Corruption and Conspiracy against other

33

civilians[.]"). Such allegations, however, do not "convert
defendant [Hightower's] entire personnel file and disciplinary
history into discoverable information." <u>Badolato v. Adiletta</u>,
No. 3:10CV1855(JBA), 2012 WL 28704, at *2 (D. Conn. Jan. 5,
2012) (alterations added). Nevertheless, the information that
plaintiff seeks, albeit in a more limited scope, is in fact
relevant and discoverable in actions similar to the one at issue
here. See <u>Frails</u>, 236 F.R.D. at 117 ("Disciplinary records
involving complaints of a similar nature, whether substantiated
or unsubstantiated, could lead to evidence that would be
admissible at trial and thus, are discoverable." (citation
omitted)); <u>Gibbs</u>, 243 F.R.D. at 96 (in section 1983 civil rights
action alleging, <u>inter alia</u>, false arrest, unlawful retaliation,
fabricated evidence, and malicious prosecution, "[p]laintiffs
are presumptively entitled to discovery of documents on prior
complaints and police histories of individual defendants because
it could yield relevant information." (alterations added)
(collecting cases)); <u>Chillemi</u>, 2015 WL 1781496, at *6 ("[C]ourts
have held that records of disciplinary charges, internal
investigations, and complaints concerning **prior** instances of
misconduct which are similar to the misconduct alleged by the
plaintiff 'could lead to evidence that would be admissible at
trial and thus, are discoverable.'" (alterations added) (quoting
<u>Frails</u>, 236 F.R.D. at 117-18)). Indeed, "the great weight of the

34

policy in favor of discovery in civil rights actions supplements the normal presumption in favor of broad discovery[.]" <u>Nat'l Cong. for Puerto Rican Rights ex rel. Perez v. City of New York</u>, 194 F.R.D. 88, 96 (S.D.N.Y. 2000) (internal quotation marks omitted) (quoting <u>King v. Conde</u>, 121 F.R.D. 180, 195 (E.D.N.Y. 1988)). Accordingly, on or before May 16, 2016, defendant Hightower shall produce to plaintiff any records of disciplinary charges, internal investigations, and complaints directly related to allegations, if any, of abuse of power by defendant Hightower in his position as police chief, for the time period of January 1, 2011, through April 30, 2013.

Moreover, to the extent that defendant Hightower objects on the basis of protecting his private and confidential information, plaintiff reiterates that he does "not seek 'personal records' in any general way, he seeks document pertaining to particular kinds of complaints about this defendant ... he does not seek matters that may be in personal records such as medical records, social security #, date of births, vacations etc." [Doc. #121 at 5 (sic)]. Accordingly, any privacy concerns may be alleviated by redacting any such personal information in accordance with the representations of the plaintiff. See <u>Gibbs</u>, 243 F.R.D. at 96.

Accordingly, for the reasons stated, the Court **GRANTS, in part**, as stated above, plaintiff's Motion to Compel with respect

to Requests 2, 3, 4 (September 7 and 30, 2015, Requests), and
Request 5 (September 30, 2015, Request) directed to defendant
Hightower.

### iii. Request 5 (September 7 and 30, 2015, Requests)[8]

Plaintiff's fifth Request seeks a "[c]opy of citizen
complaints plaintiff Charles C. Williams filed in 2012, and 2013
and what was the findings, and what was the complaint about."
[Doc. #108 at 19]; see also id. at 25. Defendant Hightower
objected and responded:

> **OBJECTION**: This defendant objects to this request for
> production in so far as it is immaterial and
> irrelevant to the allegations against this defendant.
> ... Furthermore this request for production is unlike
> to lead to the discovery of admissible information
> evidence. Furthermore, the defendant objects because
> this request production is overly broad and unduly
> burdensome.
>
> The defendant also objects to this request for
> production in so far as it may seek production of
> information regarding reports and identifying
> information of victims of sexual assault[.]
>
> Additionally, the defendant objects to disclosure of
> these documents in so far as they may seek information
> ... that may results in a violation of privacy to
> third parties, or which may reasonably be expected to
> result in risk to third parties.
>
> Additionally, the defendant objects in so far as the
> records request may contain any medical information in
> the files would be protected from disclosure pursuant
> to [HIPAA] and its corresponding federal regulations,
> as well as Connecticut statutes.

---

[8] There are two requests labeled number 5 in plaintiff's
September 30, 2015, Requests.

>**RESPONSE**:  Without  waiving  the  above  objection,
>redacted  copies  of  the  plaintiff's  citizen  complaints
>and findings are enclosed.

[Doc. #108 at 19-20 (sic) (internal citations omitted)]; see
also id. at 25-26. Plaintiff fails to articulate how defendant
Hightower's production is deficient with respect to this
Request. Because the Court cannot speculate as to what is
missing, or how defendant Hightower's production might be
deficient, the Court **DENIES** plaintiff's motion to compel as to
Request 5 directed to defendant Hightower.[9]

### iv.  *Request 6 (September 7 and 30, 2015, Requests)*

Plaintiff's sixth Request seeks a "[c]opy of police chief
involvement in handling citizen complaint filed with the
Internal Affairs Division pertaining to complaint filed against
officers with the Hartford Police Department." [Doc. #108 at
20]; see also id. at 25. Defendant Hightower objected and
responded:

>**OBJECTION**:  The  defendant  objects  to  the  request  for
>production  in  that  it  is  vague  and  unclear  as  to  what
>specifically the plaintiff seeks.

>**RESPONSE**: Without  waiving  the  above  objections,  the
>defendant  encloses  a  copy  of  the  Hartford  Police
>Department  procedure  for  investigation  of  Citizen
>Complaints.

---

[9] Plaintiff propounded an identical Request on defendant Taylor,
which the Court has addressed above, and has ordered Taylor to
produce additional documents. See Section III.b., supra.

[Doc. #108 at 20]; see also id. at 26. The Court has reviewed the documents produced in response to this Request and finds, from what the Court understands this Request to seek, that the documents are adequately responsive. Plaintiff fails to articulate how defendant Hightower's production is deficient with respect to this Request. Because the Court cannot speculate as to what is missing, or how defendant Hightower's production might be deficient, the Court **DENIES** plaintiff's motion to compel with respect to Request 6 directed to defendant Hightower.

### d. Requests directed to defendant Terry Waller

Plaintiff served defendant Waller in both his individual and official capacities, with requests for production dated November 11, 2015. See Doc. #143-1. The Court will address each Request in turn.

#### i.   *Request 1*

Plaintiff's first Request seeks a "[c]opy of reasons why you, Terry Waller, were demoted from Deputy Fire Chief (Documents of your reason for being demoted)." [Doc. #143-1 at 1]. Defendant Waller objected and responded:

> **OBJECTION**: This defendant objects to this request for admission (sic) in so far as it is immaterial and irrelevant to the allegations against this defendant. Fed. R. Civ. P. 26(b)(1)[.]

> **RESPONSE**: Without waiving the above referenced objection, the defendant was not demoted.

38

[Doc. #143-1 at 1 (sic)]. In light of the representation that
defendant Waller was not demoted, the Court cannot order
defendant Waller to produce something which does not exist
(namely documents reflecting the reasons for his alleged
demotion). Nevertheless, in light of defendant Waller's
"response", the Court will require defendant Waller to submit a
sworn verification of this response pursuant to Federal Rules of
Civil Procedure 34, on or before May 16, 2016. See Napolitano,
297 F.R.D. at 200. Therefore, the Court **DENIES** plaintiff's
motion to compel with respect to Request 1 directed to defendant
Waller.

> ### ii.  Request 2

Plaintiff's second Request seeks a "[c]opy of reason why
you retired or lost your job as Fire Department employee." [Doc.
#143-1 at 1]. Defendant Waller objected and responded:

> **OBJECTION**: This defendant objects to this request for
> production in so far as it is immaterial and
> irrelevant to the allegations against this defendant.
> Fed. R. Civ. P. 26(b)(1)[.]

> **RESPONSE**: Without waiving the above referenced
> objection, the defendant did not lose his job with the
> Fire Department. The defendant retired.

[Doc. #143-1 at 1]. In light of the allegations of plaintiff's
Amended Complaint, the Court will **SUSTAIN** defendant Waller's
objection that this Request seeks immaterial and irrelevant
information. Nevertheless, in light of defendant Waller's

"response", the Court will require defendant Waller to submit a sworn verification of this response pursuant to Federal Rules of Civil Procedure 34, on or before May 16, 2016. See Napolitano, 297 F.R.D. at 200. Therefore, the Court **DENIES** plaintiff's motion to compel with respect to Request 2 directed to defendant Waller.

### iii. *Request 3*

Plaintiff's third Request seeks a "[c]opy of any reprimand or complaints logged against you by your department in the last six (6) years." [Doc. #143-1 at 1]. Defendant Waller objected:

> The defendant objects to any disclosure of any reprimand or complaints. The plaintiff's request exceeds the scope of permissible discovery. There was never any complaint made by the plaintiff to the Hartford Fire Department regarding the incidents alleged in the plaintiff's complaint and there was never any disciplined issued against the defendant by the City in relation to the allegations set forth in the plaintiff's complaint.
>
> ... Whether or not any discipline has been assessed against the defendant for any other reason, is absolutely irrelevant to the plaintiff's cause of action.
>
> The plaintiff has not articulated or made any showing as to what type or category of admissible evidence he believes may be reviewed by the discovery of the defendants' "reprimands" or "complaints." The only possible purpose that plaintiff has in requesting such information is to conduct a blind fishing expedition in the hopes of finding evidence of prior bad acts or bad character. Such evidence would not be admissible[.]
>
> Additionally, any such records, should they exist, are rightfully characterized as portions of the

40

defendant's personnel records, which are protected
from disclosure by Conn. Gen. Stat. § 31-128f[.]

Furthermore, any "complaints" or "reprimands," to the
extent that they exist, may contain private
information from third parties completely unrelated to
this claim. ... The defendant objects to being
required to produce the private information of third
parties that may be contained in any such reports[.]

Finally, such files, to the extent that they exist,
may contain significant personal and private
information that the defendant has a valid interest in
keeping private[.]

[Doc. #143-1 at 1-3].

For the reasons stated with respect to this same request
propounded on defendant Hightower, the Court will **GRANT, in
part**, plaintiff's motion to compel with respect to Request 3 as
to defendant Waller. See Section IV.c.ii., supra.

Again, here, the allegations of plaintiff's complaint
relate to an alleged abuse of defendant's power as Hartford's
Fire Chief. See Doc. #42, at ¶¶16-17, 29-30, 33. Although such
allegations, do not "convert defendant [Waller's] entire
personnel file and disciplinary history into discoverable
information," Badolato, 2012 WL 28704, at *2, plaintiff is
entitled to disciplinary records involving complaints of a
similar nature. See, e.g., Frails, 236 F.R.D. at 117.
Accordingly, on or before May 16, 2016, defendant Waller shall
produce to plaintiff any records of disciplinary charges,
internal investigations, and complaints directly related to

41

allegations, if any, of abuse of power by defendant Waller in his position as Fire Chief, for the time period of January 1, 2011, through April 30, 2013. Again, to the extent that defendant Waller objects on the basis of protecting his private and confidential information, these privacy concerns may be alleviated by redacting any such personal information, in accordance with the representations of plaintiff. See Gibbs, 243 F.R.D. at 96.

Accordingly, for the reasons stated, the Court **GRANTS, in part**, as stated above, plaintiff's Motion to Compel with respect to Request 3 directed to defendant Waller.

### iv.   Request 4

Plaintiff's fourth Request seeks "[c]opies of how long you have worked for the City of Hartford." [Doc. #143-1 at 3]. Defendant Waller objected, in pertinent part, as follows:

> The defendant objects to providing any documents relating to his work history with the City of Hartford. The plaintiff's request exceeds the scope of permissible discovery. There was never any complaint made by the plaintiff to the Hartford Fire Department regarding the incidents alleged in the plaintiff's complaint and there was never any investigation or discipline issued against the defendant by the City in relation to the allegations set forth in the plaintiff's complaint.
>
> The only issue to be tried in this case is whether the defendant violated the [plaintiff's] constitutional rights. Documents related to the defendant's work history are absolutely irrelevant[.]
>
> ...

42

> Additionally, the defendant's personnel records are
> protected from disclosure by Conn. Gen. Stat. §31-
> 128f[.]
>
> Furthermore, personnel records may contain private
> information from third parties completely unrelated to
> this claim. ... The defendant objects to being
> required to produce the private information of third
> parties that may be contained in any such reports.
>
> Finally, the defendant's personnel file will contain
> significant personal and private information that the
> defendant has a valid interest in keeping private[.]

[Doc. #143-1 at 3-4]. Despite this objection, defendant Waller responded that he "was employed by the Hartford Fire Department for approximately 28 years, and retired on July 12, 2015." Id. at 5. The Court finds that in light of the allegations in the Amended Complaint, documents related to defendant Waller's general work history are not relevant to any party's claim or defense, nor is the production of such documentation proportional to the needs of the case. See Fed. R. Civ. P. 26(b)(1). Therefore, the Court **SUSTAINS** defendant Waller's objections to this Request and will not require that he produce any documents in response. Nevertheless, in light of defendant Waller's "response", the Court will require defendant Waller to submit a sworn verification of this response pursuant to Federal Rules of Civil Procedure 34, on or before May 16, 2016. See Napolitano, 297 F.R.D. at 200. Therefore, the Court **DENIES**

plaintiff's motion to compel with respect to Request 4 directed
to defendant Waller.

###### v.   Request 5

Plaintiff's fifth Request seeks a "[c]opy of documents
explaining how long you owned the garage on 3311 Main Street
Hartford, CT." [Doc. #143-1 at 5]. Defendant Waller objected and
responded:

> **OBJECTION**: This defendant objects to this request for
> production in so far as it is immaterial and
> irrelevant to the allegations against this defendant.
> Fed. R. Civ. P. 26(b)(1)... Additionally, this request
> for production is overly broad and unduly burdensome,
> and unlikely to lead to the discovery of admissible
> evidence.

> **RESPONSE**: Without waiving the above referenced
> objection, the defendant did not individually own a
> garage on 3311 Main Street, Hartford, CT.

Id. The Court will not require defendant Waller to produce
documents in response to this Request in light of his
representation that he did not have an individual ownership
interest in the garage identified in the Request. Information
regarding ownership of property in the City of Hartford and the
ownership of businesses registered in the State of Connecticut
is publicly available. Thus, this information can be obtained by
plaintiff and is equally available to both parties. See Fed. R.
Civ. P. 26(b)(1). Nevertheless, in light of defendant Waller's
"response", the Court will require defendant Waller to submit a
sworn verification of this response pursuant to Federal Rules of

Civil Procedure 34, on or before May 16, 2016. <u>See</u> <u>Napolitano</u>,
297 F.R.D. at 200. Therefore, the Court **DENIES** plaintiff's
motion to compel with respect to Request 5 directed to defendant
Waller.

### vi.   Request 6

Plaintiff's sixth Request seeks a "[c]opy or list of all
property Terry Waller owns." [Doc. #143-1 at 5]. Defendant
Waller objected:

> This defendant objects to this request for production
> in so far as it is immaterial and irrelevant to the
> allegations against this defendant. Fed. R. Civ. P.
> 26(b)(1)... Additionally, this request for production
> is overly broad and unduly burdensome, and unlikely to
> lead to the discovery of admissible evidence. The list
> of properties that Mr. Waller owns is utter irrelevant
> to whether or not the defendant violated the
> plaintiff's constitutional rights.

[Doc. #143-1 at 5 (sic)]. In light of the allegations of
plaintiff's Amended Complaint, which do not implicate Waller as
a property owner but as a municipal employee, the Court will
**SUSTAIN** defendant Waller's objection that this request seeks
immaterial and irrelevant information.[10] Further, to the extent
that plaintiff seeks a "list" of properties owned by defendant
Waller, Rule 34 only requires a party to produce documents that
exist at the time of the request; a party cannot be compelled to
create a document for its production. <u>See, e.g.,</u> <u>Harris v.</u>

---

[10] As noted above, plaintiff is free to conduct an investigation
into public records.

<u>Advance Am. Cash Advance Ctrs., Inc.</u>, 288 F.R.D. 170, 172 (S.D. Ohio 2012) (denying plaintiff's request that defendant create "list" of specified information, because party is not required to create documents in response to Rule 34 requests); <u>Alexander v. Federal Bureau of Investigation</u>, 194 F.R.D. 305, 310 (D.D.C. 2000) (denying plaintiff's request for the FBI to create lists of persons whose FBI reports were requested by White House, when list did not exist); 7 James Wm. Moore, et al., <u>Moore's Federal Practice</u> §30.12[2] (3d ed. 2014) ("A party cannot be compelled to create, or cause to be prepared, new documents solely for their production. Rule 34 only requires a party to produce documents that are already in existence."). Therefore, the Court **DENIES** plaintiff's motion to compel with respect to Request 6 directed to defendant Waller.

### vii. Request 7

Plaintiff's seventh Request seeks a "[c]opy or document or items explaining you served on the 'police review board' for the City of Hartford." [Doc. #143-1 at 5]. Defendant Waller objected and responded:

> **OBJECTION**: This defendant objects to this request for production in so far as it is immaterial and irrelevant to the allegations against this defendant. Fed. R. Civ. P. 26(b)(1)... Additionally, this request for production is overly broad and unduly burdensome, and unlikely to lead to the discovery of admissible evidence.

46

> **RESPONSE:** Without waiving the above referenced
> objection, the defendant, Terry Waller, never served
> on a police review board for the City of Hartford.

Id. In light of defendant Waller's response, the Court **DENIES**,

**as moot**, plaintiff's motion to compel with respect to Request 7

directed to defendant Waller. Nevertheless, in light of

defendant Waller's "response", the Court will require defendant

Waller to submit a sworn verification of this response pursuant

to Federal Rules of Civil Procedure 34, on or before May 16,

2016. See Napolitano, 297 F.R.D. at 200.

### viii.    Request 8

Plaintiff's eighth Request seeks a "[c]opy of rule,

regulations, guidelines of Employee Standards on and off duty,

for the employees of the Hartford Fire Department." [Doc. #143-1

at 5]. Defendant Waller objected:

> This defendant objects to this request for production
> in so far as it is immaterial and irrelevant to the
> allegations against this defendant. Fed. R. Civ. P.
> 26(b)(1)... Additionally, this request for production
> is overly broad and unduly burdensome, and unlikely to
> lead to the discovery of admissible evidence.

[Id. at 5-6]. Plaintiff's request as phrased is overly broad and

unduly burdensome. Nevertheless, in light of the allegations of

plaintiff's Amended Complaint which allege abuse of power by

Waller as an employee of the Hartford Fire Department during the

years 2012 and 2013, see, e.g., Doc. #42, at ¶¶16-17, 29-30, 33,

on or before May 16, 2016, defendant Waller shall produce to

47

plaintiff a copy of the Hartford Fire Department's Code of Conduct effective in 2012 and 2013. Accordingly, the Court **GRANTS, in part, and DENIES, in part,** plaintiff's motion to compel with respect to Request 8 directed to defendant Waller.

**e. Requests directed to the City of Hartford**

Plaintiff served defendant City with a request for production dated October 24, 2015. <u>See</u> Doc. ##138, 139. The Court will address each Request in turn.

**i.   *Request 1***

Plaintiff's first Request seeks "[a]ny and all rules, policy, guidelines and regulations of the civilian police review board[,]" to which defendant City responded, "[p]lease see attached." [Doc. #139]. Plaintiff does not articulate any way in which defendant City's production is deficient. Accordingly, the Court **DENIES** defendant's motion to compel with respect to Request 1 directed to defendant City.

**ii.   *Request 2***

Plaintiff's second request seeks a "[c]opy of defendant 'Kimberly Taylor' job description pertaining to reviewing citizen complaints, and screening process evaluating citizen complaints[,]" to which defendant City responded, "[p]lease refer to documents produced by Kim Taylor, incorporated herein by reference." [Doc. #139 at 1]. Again, plaintiff fails to articulate any way in which this response is deficient.

48

Therefore, the Court **DENIES** plaintiff's motion to compel with respect to Request 2 directed to defendant City.

### iii. Requests 3, 4, and 5

Plaintiff's next three requests all relate to "citizen complaints" filed against the Hartford Police Department:

3. In the last (3) three years, how many citizen complaints were filed against the Hartford Police Department.

4. In the last (3) three years, how many citizen complaints were found valid by the police review board, or the Internal Affairs Department of the police department.

5. In the last (3) years, how many citizen complaints the police board reviewed, and how many of their complaints were found valid.

[Doc. #139 at 1]. To each of these Requests, the City responded, "[p]lease refer to response and documents provided by Kim Taylor, incorporated herein by reference." Id. Seemingly, defendant City refers to defendant Taylor's response to plaintiff's seventh Request in the requests for production dated October 25, 2015: "List all the citizen complaints filed against the Hartford Police Dept., in the last (3) years, and how many of the citizen complaints were found to be valid by the police review board panel." [Doc. #107 at 7]. Defendant Taylor provided the following, verified, response: "There were 615 citizen complaints filed against the Hartford Police Department in the last three (3) years. I am unaware how many were found to be

valid by the police review board panel." Id. This response
adequately addresses Request 3, and accordingly, plaintiff's
motion to compel with respect to Request 3 directed to defendant
City is **DENIED, as moot**. However, defendant Taylor's response
does not address the information sought in Requests 4 and 5. The
City did not object to these requests. See Doc. #139.
Accordingly, on or before May 16, 2016, the City will provide
plaintiff with a verified response indicating: (1) how many of
these citizen complaints were reviewed by the police review
board and/or the internal affairs department; and (2) the number
of such complaints that were found valid. Accordingly, the Court
**GRANTS, in part, and DENIES**, in part, plaintiff's motion to
compel with respect to Requests 3, 4, and 5 directed to
defendant City.

### iv.   Request 6

Plaintiff's sixth Request states: "In 2013, the chief of
police 'Emery Hightower' performance, evaluations, and reviews
of citizen complaints filed by the plaintiff 'Charles C.
Williams' or other citizens in 2013." [Doc. #139 at 6 (sic)].
Defendant City objected: "The request is unintelligible as
stated and cannot be complied with or responded to." Id. The
Court **SUSTAINS** the City's objection. The Court is unable to
decipher the information plaintiff seeks. Plaintiff has further
failed to articulate the basis for this request in any

subsequent Court filings. Accordingly, the Court **DENIES** plaintiff's motion to compel as to Request 6 directed to defendant City.

>    *v.   Request 7*

Plaintiff's seventh request seeks the "[n]ame of individuals who sat on the police review board panel in 2012, 2013[,]" to which defendant City responded, "[p]lease refer to response and documents provided by Kim Taylor, incorporated herein by reference." [Doc. #139 at 2]. Again, defendant City appears to reference defendant Taylor's response to plaintiff's fourth Request as set forth in his requests for production dated September 30, 2015: "List names of individuals who make up the civilian police review board panel in 2012-2013-2014 who reviewed the plaintiff complaints[.]" [Doc. #107 at 18]. Defendant Taylor responded to this request, "See attached." Id. A review the documents attached to defendant Taylor's responses reflects a list of the individuals comprising the civilian police review board panel for the years 2012, 2013 and 2014. See Doc. #107 at 14-16. Accordingly, because the information sought has already been produced to plaintiff, the Court finds this request unreasonably duplicative of requests propounded on co-defendants, see Fed. R. Civ. P. 26(b)(2)(C)(i), and therefore, the Court **DENIES, as moot,** plaintiff's motion to compel as to Request 7 directed to defendant City.

### vi.   Request 8

In his eighth Request, plaintiff seeks the production of "any investigation reports pertaining to the plaintiff complaints in 2012, 2013, 2015 by the police review board, the City of Hartford, and the Hartford Police Dept. (I.A.D.) office which was filed by the plaintiff." [Doc. #139 at 2]. Defendant City objected and responded:

> The defendant objects to this request for production in that it is overbroad and unduly burdensome. Additionally, the Defendant objects to the request for production in that it is vague, in relation to what documents specifically the plaintiff seeks. ... Additionally, such information may be protected from disclosure by multiple Connecticut statutes.
>
> Additionally, the Defendant objects because such case files may contain significant confidential and personal information[.]
>
> Notwithstanding and without waiver of this objection, the City refers plaintiff to documents produced by Cheryl Gogins and Emory Hightower, incorporated herein by reference.

Id. at 2-3 (internal citations omitted). The Court has already addressed this same Request with respect to defendants Taylor, Gogins, and Hightower, and will not require the City to further respond to this unreasonably duplicative request. See Fed. R. Civ. P. 26(b)(2)(C)(i). Accordingly, the Court **DENIES, as moot,** plaintiff's motion to compel as to Request 8 directed to defendant City.

### vii. Request 9

Plaintiff's ninth Request seeks a "[c]opy of disciplinary report, reprimand, performance reviews, citizen complaints, corruption complaints against Emery Hightower." [Doc. #139 at 9]. Defendant City raised an extensive objection, similar to that raised by defendant Hightower to this same request. Id. The Court **DENIES, as moot**, plaintiff's motion to compel as to Request 9 directed to defendant City, in light of its ruling on this same request directed to defendant Hightower. See Section IV.c.ii., supra.


## CONCLUSION

Accordingly, the Court: **DENIES, as moot**, plaintiff's Motion for Order Compelling Discovery [**Doc. #103**]; **GRANTS, in part, and DENIES, in part**, plaintiff's Motion to Compel Defendant "Kimberly Taylor" for Order of Discovery Request [**Doc. #107**]; and **GRANTS, in part, and DENIES, in part**, plaintiff's Motion to Order Defendants Taylor, Hightower, Gogins, and the City to Comply with Court Order [**Doc. #108**].

This is not a Recommended Ruling. This is an order regarding discovery and case management which is reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. §636(b)(1)(A); Fed. R. Civ. P. 72(a); and D. Conn. L. Civ. R. 72.2. As such, it is an order of the Court

unless reversed or modified by the district judge upon motion timely made.

SO ORDERED at New Haven, Connecticut this 2nd day of May 2016.

/s/
HON. SARAH A. L. MERRIAM
UNITED STATES MAGISTRATE JUDGE