```
                     UNITED STATES DISTRICT COURT
                        DISTRICT OF CONNECTICUT

------------------------------x
                              :
CHARLES C. WILLIAMS           :      Civil No. 3:15CV00933(AWT)
                              :
v.                            :
                              :
CITY OF HARTFORD, et al.      :      June 2, 2016
                              :
------------------------------x
```

**RULING ON PLAINTIFF'S MOTION FOR RECONSIDERATION [Doc. #160]**

Pending before the Court is a motion by plaintiff Charles C. Williams ("plaintiff") seeking partial reconsideration of the Court's May 2, 2016, Ruling on Motions to Compel. [Doc. #160]. Defendants have not responded to plaintiff's motion. For the reasons articulated below, the Court **GRANTS** plaintiff's Motion for Reconsideration, and adheres, in part, to its prior ruling.

**A.   Background**

The Court presumes familiarity with the factual background of this matter, which is recited in the Court's Ruling on Motions to Compel. See Doc. #159. For purposes of this Ruling, however, the Court will briefly address the background leading to the pending Motion for Reconsideration.

Pertinent to the below discussion, on January 4, 2016, plaintiff moved for an order compelling defendants to respond to numerous production requests. [Doc. #108]. As relevant here, plaintiff sought an order compelling defendants Emory Hightower

1

("Hightower") and Terry Waller ("Waller") to respond to certain requests for production[1] relating to their respective suspensions, reprimands, disciplinary histories, and any allegations of misconduct and corruption (hereinafter collectively referred to as the "Misconduct Requests"), for the past six (6) years. See Doc. #108 at 17, 19, 25; Doc. #143-1 at 1-3.[2] Defendants Hightower and Waller posed extensive objections to the Misconduct Requests.

The Court granted, in part, plaintiff's Motion to Compel with respect to the Misconduct Requests. See Doc. #159 at 31-36, 40-42. Specifically, with respect to defendant Hightower, the Court ordered that he "produce to plaintiff any records of disciplinary charges, internal investigations, and complaints directly related to allegations, if any, of abuse of power by defendant Hightower in his position as police chief, for the time period of January 1, 2011, through April 30, 2013." [Doc.

---

[1] Specifically: requests 2, 3, and 4 of plaintiff's September 7 and 30, 2015, Requests for Production directed to defendant Hightower; request 5 of the September 30, 2015, Requests for Production directed to defendant Hightower; and request 3 of the November 11, 2015, Requests for Production directed to defendant Waller.

[2] Although plaintiff did not file a motion as to defendant Waller's responses, during the February 17, 2016, case management and discovery status conference, plaintiff indicated that he took issue with defendant Waller's responses to plaintiff's requests for production. Accordingly, the Court ordered defendant Waller to file his objections to plaintiff's requests so that the Court could issue a ruling on defendant Waller's objections. [Doc. #132 at 2].

#159 at 35]. As to defendant Waller, the Court similarly ordered that he "produce to plaintiff any records of disciplinary charges, internal investigations, and complaints directly related to allegations, if any, of abuse of power by defendant Waller in his position as Fire Chief, for the time period of January 1, 2011, through April 30, 2013." Id. at 41-42.

Plaintiff now seeks reconsideration of that portion of the Ruling on Motions to Compel pertaining to the Misconduct Requests. [Doc. #160]. Specifically, plaintiff objects to the limited timeframe placed on the documents to be produced by defendants Waller and Hightower. Id.

**B.  Legal Standard**

"The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). Three grounds can justify reconsideration: "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (quoting 18 C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure

§4478 at 90). "A motion for reconsideration may not be used to plug gaps in an original argument or to argue in the alternative once a decision has been made. Furthermore, a motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." Lopez v. Smiley, 375 F. Supp. 2d 19, 21-22 (D. Conn. 2005) (internal citation and quotation marks omitted).

**C.  Discussion**

Plaintiff's Motion for Reconsideration seeks a broader time frame of documents than that ordered by the Court with respect to the Misconduct Requests.

"A district court has broad latitude to determine the scope of discovery and to manage the discovery process." EM Ltd. v. Republic of Argentina, 695 F.3d 201, 207 (2d Cir. 2012) (citation omitted), aff'd sub nom. Republic of Argentina v. NML Capital, Ltd., 134 S. Ct. 2250, 189 L. Ed. 2d 234 (2014). "Fed. R. Civ. P. 26(b)(1) does not allow a party to roam in shadow zones of relevancy and to explore matter which does not presently appear germane on the theory that it might conceivably become so." Wells Fargo Bank, N.A. v. Konover, No. 3:05CV1924 (CFD)(WIG), 2009 WL 585430, at *5 (D. Conn. Mar. 4, 2009) (quoting Evans v. Calise, No. 92CV8430(PKL), 1994 WL 185696, at *1 (S.D.N.Y. May 12, 1994)). Therefore, "[t]he party seeking discovery must make a prima facie showing that the discovery

sought is more than merely a fishing expedition." Id. (quoting Evans, 1994 WL 185696, at *1).

As noted in the Court's Rulings on Motions to Compel, as a general matter, in a section 1983 case such as this, "[d]isciplinary records involving complaints of a similar nature, whether substantiated or unsubstantiated, could lead to evidence that would be admissible at trial and thus, are discoverable." Frails v. City of New York, 236 F.R.D. 116, 117-18 (E.D.N.Y. 2006) (compiling cases). Indeed, "plaintiffs in federal civil rights actions are presumptively entitled to recollections as well as documents on prior complaints and police history." King v. Conde, 121 F.R.D. 180, 198 (E.D.N.Y. 1988); accord Malsh v. New York City Police Dep't, No. 92CV2973(KTD)(AJP), 1995 WL 217507, at *2 (S.D.N.Y. Apr. 11, 1995) ("[C]ourts in this circuit frequently have ordered the police to produce pre-complaint documentation of alleged police misconduct[.]"); Gibbs v. City of New York, 243 F.R.D. 95, 96 (S.D.N.Y. 2007) ("Plaintiffs are presumptively entitled to discovery of documents on prior complaints and police histories of individual defendants because it could yield relevant information." (citing King, 121 F.R.D. at 198)); Nicaj v. City of New York, No. 07CV2382(LBS), 2008 WL 542606, at *1 (S.D.N.Y. Feb. 25, 2008) (same). It was on this basis that the Court granted plaintiff's motion, in part, as to the Misconduct

Requests and permitted discovery as to any complaints pre-dating the misconduct alleged to have occurred on the part of defendants Waller and Hightower, as set forth in the Amended Complaint. See Doc. #159 at 33-35.

Plaintiff now renews his request for documents responsive to the Misconduct Requests subsequent to the time ordered by the Court. In support of this position, plaintiff argues that Hightower "was accused for corruption also in 2014 which resulted in his retirement in 2014. Further, defendant 'Terry Waller' retirement was forced in 2015 because of complaints filed against him in 2014 and 2015." [Doc. #160 at 1-2 (sic)]. Plaintiff also contends, in conclusory fashion, that defendants Waller and Hightower were forced to retire early due to their "ill behavior and actions dated from 2012 to 2014 concerning 'Emory Hightower,' 2012 to 2015 concerning 'Terry Waller.'" Id. at 2. This argument directly conflicts with plaintiff's prior statement that defendant Waller was forced to retire in 2015 because of complaints filed against him in 2014 and 2015. Id.

Upon reconsideration, the Court finds that plaintiff should be permitted to obtain documents spanning a broader time frame with respect to the Misconduct Requests. First, the Court will allow plaintiff to discover responsive documents, as set forth in the Rulings on the Motions to Compel, up to and including the date of plaintiff's arrest that forms the basis of this action,

6

July 29, 2014. [Doc. #42 at 4].[3] See, e.g., Chillemi v. Town of Southampton, No. 12CV3370(ADS)(AKT), 2015 WL 1781496, at *7 (E.D.N.Y. Apr. 20, 2015); Phillips v. City of New York, 277 F.R.D. 82, 83 (E.D.N.Y. 2011); Pacheco v. City of New York, 234 F.R.D. 53, 55 (E.D.N.Y. 2006). Accordingly, on or before June 23, 2016, defendants Hightower and Waller shall produce to plaintiff any records of disciplinary charges, internal investigations, and complaints directly related to allegations, if any, of abuse of power by defendants Hightower and Waller in his position as police chief and fire chief, respectively, for the period of April 30, 2013, through and including July 29, 2014. Again, any privacy concerns may be alleviated by redacting any personal information.

Second, some additional discovery in response to the Misconduct Requests that post-dates plaintiff's July 29, 2014, arrest is warranted. However, the Court will not permit the wholesale disclosure of documents for the years 2014 and 2015 that plaintiff seeks, as plaintiff has not met his burden of showing how such documents are relevant. For example, in the motion for reconsideration, plaintiff baldly asserts that

---

[3] Based on a review of public records, the Court erroneously believed that the plaintiff had been arrested in April 2013, and therefore ordered the production of documents prior to April 30, 2013. In fact, although the offense for which plaintiff was arrested was allegedly committed on February 14, 2013, plaintiff was not arrested until July 29, 2014.

"defendants' were made to retire early in 2014 and 2015 as a result of their ill behavior and actions dated from 2012 to 2014 concerning 'Emory Hightower' and 2012 to 2015 concerning 'Terry Waller.'" [Doc. #160 at 2 (sic)]. Plaintiff has not demonstrated how information concerning defendants Waller and Hightower's general disciplinary charges, internal investigations and complaints relating to their alleged abuse of power after his arrest are probative of the City's policies and practices that were in place at the time of his arrest. See Chillemi, 2015 WL 1781496, at *6-7 (directing defendants to produce disciplinary-related documents for time frame following plaintiff's arrests so long as the conduct underlying such disciplinary-related documents were related to those arrests). Accordingly, the Court hereby orders that defendants Hightower and Waller to produce records of disciplinary charges, internal investigations, and complaints, which occurred after plaintiff's July 29, 2014, arrest and which are <u>directly related to that arrest</u>.

D. **Conclusion**

For the reasons set forth herein, the Court **GRANTS** plaintiff's Motion for Reconsideration [**Doc. #160**], and adheres, in part, to its prior ruling. The defendants shall produce the additional materials ordered herein on or before June 23, 2016.

This is not a Recommended Ruling. This is an order regarding discovery and case management which is reviewable

pursuant to the "clearly erroneous" statutory standard of review. See 28 U.S.C. §636(b)(1)(A); Fed. R. Civ. P. 72(a); and D. Conn. L. Civ. R. 72.2. As such, it is an order of the Court unless reversed or modified by the District Judge upon motion timely made.

SO ORDERED at New Haven, Connecticut, this 2nd day of June, 2016.

                                         /s/
                                  HON. SARAH A. L. MERRIAM
                                  United States Magistrate Judge