UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
-------------------------------x
CHARLES WILLIAMS,                :
                                 :
        Plaintiff,               :
                                 :
   v.                            :
                                 : Civil No. 3:15-CV-933 (AWT)
HARTFORD POLICE DEPT., EMERY     :
HIGHTOWER, CHERYL GOGINS, TERRY  :
WALLER, JENNIFER LOPEZ, and A.P.,:
                                 :
        Defendants.              :
-------------------------------x
```

**RULING ON DEFENDANTS' MOTION TO DISMISS**

Plaintiff Charles C. Williams ("Williams") brings federal claims of false arrest, malicious prosecution and retaliation, as well as various state law claims.  The remaining defendants, Hartford Police Chief Emery Hightower ("Hightower"), Hartford Police Detective Cheryl Gogins ("Gogins"), Hartford Deputy Fire Chief Terry Waller ("Waller"), the City of Hartford and Kimberly Taylor ("Taylor"), have moved to dismiss the amended complaint.[1]  For the reasons that follow, the defendants' motion is being granted in part and denied in part.

---

[1] The claims against defendant Hartford Police Department were dismissed.  (See Doc. No. 75.)  The claims against defendants Jennifer Lopez and A.P were withdrawn by the plaintiff.  (See Doc. No. 100.)

I.     **FACTUAL ALLEGATIONS**

The plaintiff had a prior relationship with A.P. While living with A.P., he commenced a relationship with another woman and had a child with that woman. In February 2012, after the child was born, the plaintiff left A.P.'s home. Subsequently, A.P. learned of the child and why the plaintiff had ended their relationship. A.P. has a history of filing false police reports against the plaintiff and was arrested in another town for filing false reports.

Despite the existence of no contact and protective orders, the plaintiff renewed his relationship with A.P. in January 2013. The relationship broke down in February 2013 when the plaintiff refused to lie to help A.P. avoid a trial on the false reporting charge. A.P. threatened to have her friend, defendant Waller, implicate the plaintiff in a criminal case.

Defendant Waller sought assistance from his friend, defendant Police Chief Hightower, to provide protection for A.P. Defendant Hightower assigned defendant Gogins and an investigator to deal with the situation. In September 2013, A.P. made a false complaint against the plaintiff for aggravated sexual assault and risk of injury to a minor. The conduct underlying the complaint occurred in February 2013. Defendant Gogins believed A.P. even though there was no evidence to corroborate that any crime had been committed, and defendant Gogins was aware of A.P.'s past history of filing false

reports. The arrest warrant application, containing false statements by defendant Gogins and A.P., was presented to a judge along with fabricated evidence. The plaintiff alleges, for example, that the arrest warrant affidavit states that A.P. became aware that she was pregnant by the plaintiff in late March, when the defendants all were aware that hospital records from February 28, 2013 show that A.P. was made aware of the pregnancy on that date.

The plaintiff was arrested on July 29, 2014. He was initially charged with sexual assault, unlawful restraint, and risk of injury to a minor. Williams pleaded not guilty. The record does not reflect how the risk of injury to a minor charge was disposed of, so for purposes of this motion, the court assumes that it terminated favorably to the plaintiff. The case proceeded to a jury trial on the sexual assault and unlawful restraint charges. The jury found Williams not guilty on the sexual assault charge and guilty on the unlawful restraint charge. He is currently serving a sentence of imprisonment for that conviction.

## II.   LEGAL STANDARD

When considering a motion to dismiss filed pursuant to Fed. R. Civ. P. 12(b)(6), the court accepts as true all factual allegations in the complaint and draws inferences from these allegations in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Flores v. Southern Peru Copper Corp., 343 F.3d

140, 143 (2d Cir. 2003). The court considers not whether the plaintiff ultimately will prevail, but whether he has stated a claim upon which relief may be granted so that he should be entitled to offer evidence to support his claim. Walker v. Schult, 717 F.3d 119, 124 (2d Cir. 2013).

In reviewing the complaint in response to a motion to dismiss, the court applies "a 'plausibility standard,' which is guided by two working principles." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). First, the requirement that the court accept as true the allegations in the complaint "'is inapplicable to legal conclusions,' and '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009) (quoting Iqbal, 556 U.S. at 678). Second, to survive a motion to dismiss, the complaint must state a plausible claim for relief. Determining whether the complaint states a plausible claim for relief is "'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" Id. (quoting Iqbal, 556 U.S. at 679). Even under this standard, however, the court liberally construes a pro se complaint. See Sykes v. Bank of Am., 723 F.3d 399, 403 (2d Cir. 2013).

## III. DISCUSSION

The plaintiff includes nine counts in his complaint: (1) false

4

arrest, (2) illegal arrest, (3) police misconduct, (4) malicious prosecution, (5) obstruction of justice, (6) defamation, (7) libel, (8) retaliation, and (9) intentional infliction of emotional distress.  The defendants make three arguments in support of their motion to dismiss.  First, they argue that all counts are barred by the holding in Heck v. Humphrey, 512 U.S. 477 (1994).  Second, the defendants contend that Counts One and Two, the plaintiff's claims for false arrest and illegal arrest, must be dismissed because probable cause supported the arrest in that the criminal case did not terminate in the plaintiff's favor.  Finally, the defendants contend that Count Four fails to state a claim for malicious prosecution.  The defendants have not separately addressed the claims in Count Three and Counts Five through Nine.

    **A.**    **Heck v. Humphrey**

    The defendants argue that all counts must be dismissed because a judgment in the plaintiff's favor on any count would necessarily imply the invalidity of the plaintiff's conviction for unlawful restraint.  The plaintiff contends that this action concerns only the charges of aggravated sexual assault and risk of injury to a minor, and he was not convicted of either charge.  Thus, he argues, Heck does not bar his claims.

    The Supreme Court has set forth the standard by which district courts are to evaluate whether Heck bars a plaintiff's claim:

> [T]he district court must consider whether a judgment in
> favor of the plaintiff would necessarily imply the
> invalidity of his conviction or sentence; if it would, the
> complaint must be dismissed unless the plaintiff can
> demonstrate that the conviction or sentence has already
> been invalidated. But if the district court determines
> that the plaintiff's action, even if successful, will <u>not</u>
> demonstrate the invalidity of any outstanding criminal
> judgment against the plaintiff, the action should be
> allowed to proceed, in the absence of some other bar to the
> suit.

<u>Heck</u>, 512 U.S. at 487. The Second Circuit emphasizes the Supreme Court's use of the word "necessarily." <u>McKithen v. Brown</u>, 481 F.3d 89, 102 (2d Cir. 2007). Thus, "the mere fact that success in a § 1983 suit would make it more likely that a conviction or sentence is invalid would seem to be irrelevant to the <u>Heck</u> inquiry." <u>Teichmann v. New York</u>, 769 F.3d 821, 829 (2d Cir. 2014).

The plaintiff argues that <u>Heck</u> is inapplicable because he is not challenging his conviction for unlawful restraint or his current sentence. However, there is no requirement in <u>Heck</u> that the claim at issue must be directed to the plaintiff's conviction. The prohibition applies if success in the plaintiff's suit would demonstrate the invalidity of "any outstanding conviction." 512 U.S. at 487. See <u>Covington v. City of New York</u>, 171 F.3d 117, 122 (2d Cir. 1997) (court should consider whether judgment in plaintiff's favor "would necessarily imply the invalidity of any conviction or sentence that might have resulted from the prosecution of [plaintiff] resulting from the arrest"). Thus, the fact that the plaintiff is

challenging his arrest on the charges of sexual assault and risk of injury to a minor but not on the unlawful restraint charge does not make Heck inapplicable.

However, "Fourth Amendment claims for unlawful arrest . . . do not ordinarily fall within the Heck rule, since a finding for the plaintiff would not necessarily demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, at least unless the conviction was dependent on evidence obtained as a result of the arrest." Fifield v. Barrancotta, 353 F. App'x 479, 480-81 (2d Cir. 2009) (internal quotation marks and citations omitted). The current record contains no information suggesting that evidence discovered during the plaintiff's arrest played a role in the plaintiff's conviction for unlawful restraint. Thus, the plaintiff's false arrest claims fall outside of Heck's prohibition.

Where a criminal defendant is convicted of more than one offense, malicious prosecution claims are considered independently. See Jean-Laurent v. Hennessy, No. 05-CV-1155(JFB)(LB), 2008 WL 3049875, at *8 n.14 (E.D.N.Y. Aug. 1, 2008) (noting that "conviction on one offense does not automatically bar a malicious prosecution claim for other offenses that were terminated in plaintiff's favor" (citing Janetka v. Dabe, 892 F.2d 187, 189-90 (2d Cir. 1989)). As malicious prosecution claims are considered separately, a termination favorable to the plaintiff on the sexual assault or risk of injury

charges would not necessarily demonstrate the invalidity of the plaintiff's conviction for unlawful restraint. Thus, <u>Heck</u> does not bar the plaintiff's malicious prosecution claim.

Success on the remaining claims, i.e., a federal retaliation claim and various state law torts, also would not demonstrate the invalidity of the plaintiff's conviction or sentence. Accordingly, the defendants' motion to dismiss on the ground that the complaint is barred by the holding in <u>Heck</u> is being denied.

### B. False Arrest and Illegal Arrest

In Count One, the plaintiff alleges that defendant Gogins falsely arrested him, defendant Hightower personally oversaw the investigation that resulted in his arrest, and defendant Taylor encouraged illegal behavior by failing to intervene to prevent the arrest. He also alleges that defendants Gogins, Hightower and Waller conspired to effect his arrest. In Count Two, the plaintiff alleges that all defendants illegally arrested him.

When considering claims for false arrest, the Second Circuit has "generally looked to the law of the state in which the arrest occurred." <u>Russo v. City of Bridgeport</u>, 479 F.3d 196, 203 (2d Cir. 2007) (internal quotation marks and citation omitted). "In Connecticut, false imprisonment, or false arrest, is the unlawful restraint by one person of the physical liberty of another. Under Connecticut law, the existence of probable cause is fatal to claims

of false arrest." Spencer v. Connecticut, 560 F. Supp. 2d 153, 162 (D. Conn. 2008) (internal quotation marks and citations omitted); see also Russo, 479 F.3d at 203 ("[I]n Connecticut, a false arrest claim cannot lie when the challenged arrest was supported by probable cause.")(internal citations omitted).

Conviction is "conclusive evidence of probable cause" for arrest, unless the conviction has been reversed on appeal. Weyant v. Okst, 101 F.3d 845, 852 (2d Cir. 1996). The Supreme Court has held that probable cause is an objective inquiry: "the fact that the officer does not have the state of mind which is hypothecated by the reasons which provide the legal justification for the officer's action does not invalidate the action taken as long as the circumstances, viewed objectively, justify that action." Devenpeck v. Alford, 543 U.S. 146, 153 (2004) (internal citation and quotation marks omitted). The officer's "subjective reason for making the arrest need not be the criminal offense as to which the known facts provided probable cause," thus there is no requirement that the probable cause inquiry be restricted to the crime for which the individual was arrested. Id. Following Devenpeck, the Second Circuit has concluded "that a claim for false arrest turns only on whether probable cause existed to arrest a defendant, and that it is not relevant whether probable cause existed with respect to each individual charge, or, indeed, any charge actually invoked by the

arresting officer at the time of arrest." Jaegly v. Couch, 439 F.3d 149, 153 (2d Cir. 2006).

The plaintiff's conviction for unlawful restraint resulted from the prosecution that arose following his arrest. See HHD-CR14-0674998-T (Conn. Super. Ct.) (showing arrest date for conviction of unlawful restraint as July 29, 2014) (www.jud2.ct.gov/crdockets, last visited June 10, 2016).[2] That conviction has not been reversed on appeal. The existence of this valid conviction establishes probable cause for the plaintiff's arrest. The fact that, initially, he was only charged with aggravated sexual assault and risk of injury to a minor does not negate probable cause for the plaintiff's arrest. Therefore, the defendants' motion to dismiss is being granted as to the claims in Counts One and Two for false and illegal arrest.

The plaintiff includes a conspiracy claim in Count One. The defendants do not address that claim. However, because the false arrest claims have been dismissed, the claim for conspiracy to effect the arrest must be dismissed as well. See Curley v. Village of Suffern, 268 F.3d 65, 72 (2d Cir. 2001) (if plaintiff cannot maintain claim for false arrest, he cannot maintain section 1983 claim for conspiracy); Kent v. Drought, No. 08-CV-414-JTC, 2012 WL 3779485, at *6 (W.D.N.Y. Aug. 31, 2012) (dismissing conspiracy claim where false

---

[2] The court may take judicial notice of state court records. Scherer v. Equitable Life Assurance Soc'y, 347 F.3d 394, 402 (2d Cir. 2003).

arrest and malicious prosecution claims were dismissed, because "federal jurisprudence does not recognize civil conspiracy to commit a tort as an independent cause of action") (citing Beck v. Pupris, 529 U.S. 503-05 (2000)).

In addition, Count Three is a claim that defendants Hightower and Gogins conspired to unlawfully arrest the plaintiff. This claim is similar to the conspiracy claim in Count One. Although the defendants do not refer to Count Three in their motion, the dismissal of the false arrest claims precludes this claim for conspiracy to effect that arrest. Therefore, the claims for conspiracy in Counts One and Three are being dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

### C. Malicious Prosecution

In Count Four, the plaintiff alleges that defendants Gogins, Hightower and Waller initiated a criminal proceeding against him for a "non-existent crime," namely the sexual assault charge on which Williams was acquitted. (Am. Compl., Doc. No. 42, at 29.) The defendants argue that the plaintiff fails to state a cognizable claim because the criminal case did not terminate in his favor.

Under Connecticut law, a claim for malicious prosecution has four elements: "(1) the defendants initiated or procured the institution of criminal proceedings against the plaintiff; (2) the criminal proceedings have terminated in favor of the plaintiff; (3)

11

the defendant acted without probable cause; and (4) the defendant acted with malice, primarily for a purpose other than that of bringing an offender to justice." Nodoushani v. Southern Conn. State Univ., 95 A.3d 1248, 1255 (Conn. App. 2014) (internal quotation marks and citation omitted). Favorable termination means that the "charge was abandoned or withdrawn without consideration, that is, withdrawn without . . . a plea bargain." Torres v. Howell, No. 3:03CV2227(MRK), 2006 WL 1525942, at *6 (D. Conn. May 30, 2006) (internal quotation marks and citation omitted).

Conviction on one charge does not automatically foreclose a malicious prosecution claim on a different charge, as long as the charges are for distinct offenses. "[A]n accused arrested on multiple charges but convicted on only one may proceed with a claim for malicious prosecution on the charge on which he was not convicted . . . ." Fulton v. Robinson, 289 F.3d 188, 197 (2d Cir. 2002). In Janetka v. Dabe, 892 F.2d 187 (2d Cir. 1989), the Second Circuit held that a malicious prosecution claim was permissible where the plaintiff was "charged with two distinct offenses involving distinct allegations," and was convicted of one offense but acquitted of the other. Id. at 190.

In Johnson v. City of New York, 551 F. App'x 14 (2d Cir. 2014), however, the court reached the opposite result with respect to two charges arising from the same incident where the offenses did not

12

have different elements.  The plaintiff had been charged with forcible touching and sexual assault, both based on the plaintiff's alleged inappropriate touching of a female subway passenger.  The Second Circuit held that the plaintiff could not plausibly plead favorable termination because "[a]lthough [the plaintiff] was acquitted of third-degree sexual abuse, the elements of the two charges largely overlap, the facts underlying both charges are identical, and [the plaintiff] was convicted of the more serious offense."  Id. at *14-15.

Here, the plaintiff was charged with sexual assault, in addition to risk of injury to a minor and unlawful restraint.  He was convicted only on the charge of unlawful restraint.  Under state law, the offenses of sexual assault and unlawful restraint are distinct. See State v. Eason, 703 A.2d 130, 133 (Conn. App. 1997) ("'For a conviction of first degree sexual assault, the state must prove compelled sexual intercourse, which is not a necessary element of the crime of first degree unlawful restraint. For a conviction of first degree unlawful restraint, the state must prove exposure of the victim to a substantial risk of physical injury, which is not a necessary element of the crime of first degree sexual assault . . . .'") (quoting State v. Rothenberg, 195 Conn. 253, 265, 487 A.2d 545 (1985)). The plaintiff also was charged initially with risk of injury to a minor.  However, the minor was A.P.'s grandchild.  As the

13

unlawful restraint charge applied to A.P. and the risk of injury charge did not, these also are distinct charges.  See State v. Davis, 539 A.2d 150, 151-52 (Conn. App. 1988) (risk of injury to a minor lesser included offense of unlawful restraint of that minor).  Also, here the plaintiff was convicted of the lesser charge and acquitted of the more serious charge.

Based on the current record, the court cannot conclude that the plaintiff fails to state a malicious prosecution claim.  Therefore, the defendants' motion to dismiss is being denied as to the malicious prosecution claim in Count Four.

**IV. CONCLUSION**

For the reasons stated above, the defendants' motion to dismiss [Doc Nos. 97 and 161] is hereby **GRANTED** in part and **DENIED** in part.[3]  The motion to dismiss is granted as to the false arrest claims, asserted in Counts One and Two.  The claims for conspiracy to effect the arrest in Counts One and Three are dismissed pursuant to 28 U.S.C. § 1915A(b)(1).  The case will proceed against the defendants on the claims asserted in Counts Four through Nine.

It is so ordered.

Signed this  17th day of June, 2016 at Hartford, Connecticut.

---

[3] Doc. No. 97 is an unredacted copy of Doc. No. 161.

14

```
                      /s/
Alvin W. Thompson
United States District Judge
```