```
                     UNITED STATES DISTRICT COURT
                       DISTRICT OF CONNECTICUT

------------------------------x
                              :
CHARLES C. WILLIAMS           :    Civil No. 3:15CV00933(AWT)
                              :
v.                            :
                              :
CITY OF HARTFORD, et al.      :    August 12, 2016
                              :
------------------------------x
```

### ORDER ON PENDING MOTIONS [Doc. ##196, 211, 213] AND FINAL SCHEDULING ORDER

Pending before the Court are three motions by pro se plaintiff Charles C. Williams ("plaintiff"): Request for Permission to File Partial Summary Judgment [Doc. #211]; Motion to Withdraw Doc. #211 [Doc. #213]; and Motion to Renew Motion for Appointment of Counsel [Doc. #196]. Judge Alvin W. Thompson referred these motions to the undersigned on August 8 and 9, 2016. [Doc. ##214, 216]. Defendants have not responded to the pending motions. Also pending before the Court are the parties' proposed scheduling orders, which were filed at the direction of the Court. See Doc. ##209, 210, 215.

**1. Motions re: Plaintiff's Request to File Partial Summary Judgment [Doc. ##211, 213]**

Plaintiff's Motion to Withdraw Doc. #211 [Doc. #213] is **GRANTED**, and plaintiff's Request for Permission to File "Partial Summary Judgment" [Doc. 211] is hereby **WITHDRAWN**. To the extent plaintiff seeks to file a cross-motion for summary judgment, the

1

Court will provide plaintiff an opportunity to do so in the below Scheduling Order.

To the extent plaintiff represents that he does not have access to legal materials, including the Federal Rules of Civil Procedure, the Court appends hereto Federal Rule and District of Connecticut Local Rule of Civil Procedure 56, which apply to motions for summary judgment.

Finally, plaintiff seeks guidance as to whether the "court manages a hearing on its own under 'Franks' to determine whether or not the defendants police incident Report/Affidavit was false, or do the plaintiff request this hearing from this court?" [Doc. #211 at 1 (sic)]. Presumably, plaintiff seeks a hearing pursuant to Franks v. Delaware, 438 U.S. 154 (1978), which "held that the Fourth Amendment entitles a defendant to a hearing if he or she makes a 'substantial preliminary showing' that a deliberate falsehood or statement made with reckless disregard for the truth was included in the warrant affidavit and the statement was necessary to the judge's finding of probable cause." United States v. Falso, 544 F.3d 110, 125 (2d Cir. 2008) (citing Franks, 438 U.S. at 155-56). Franks hearings are typically used in criminal proceedings in the context of whether certain evidence should be suppressed. Although "[t]he Second Circuit has held that Franks applies to civil rights actions based on Fourth Amendment violations[,]" Cherry v.

Jorling, 31 F. Supp. 2d 258, 269 (W.D.N.Y. 1998) (collecting cases)), plaintiff is not entitled to a separate Franks hearing where the issue of the Constitutionality of his arrest "goes to the core of certain of [his] civil rights claims." Sostre v. Cty. of Suffolk, No. 06CV320, 2008 WL 4998394, at *2 (E.D.N.Y. Nov. 21, 2008). Accordingly, any Franks-related issues are "more properly decided either in the context of a motion for summary judgment or, more likely, at trial." Id.; see also Chipperini v. Crandall, 253 F. Supp. 2d 301, 311 (D. Conn. 2003) ("[A] Franks analysis may prove useful in later stages of these proceedings in relation to the merits of [plaintiff's] other claims[.]").

To the extent defendants move for summary judgment on the grounds of qualified immunity, plaintiff may raise the Franks standard in response to defendants' summary judgment motion. See Velardi v. Walsh, 40 F.3d 569, 574 (2d Cir. 1994); see also Magnotti v. Kuntz, 918 F.2d 364, 368 (2d Cir. 1990) (applying Franks standard to issues of qualified immunity in civil rights action). Therefore, plaintiff's request for a Franks hearing is **DENIED**.

2. **Motion to Renew Motion for Appointment of Counsel [Doc. #196]**

Plaintiff next seeks an "order appointing counsel to represent him in this case on standby to assist" him in this matter. [Doc. #196 at 1]. Plaintiff bases this request on his

3

lack of knowledge and access to the Federal Rules of Civil Procedure, and asserts that his "case is strong and has strong merit, and the plaintiff will most likely win at trial[.]" Id. at 1-2.

Plaintiff previously applied for the appointment of counsel concurrently with the filing of this action. [Doc. #3]. Judge Thompson denied this motion as premature, and without prejudice, in his Initial Review Order. [Doc. #8 at 7]. Judge Thompson also noted that plaintiff had failed to demonstrate that he was unable to obtain legal assistance on his own. Id. Plaintiff now represents that he "has continually tried to contact different Attorney's to see if Any would take this case pro bono, Plaintiff is unable to afford counsel, and plaintiff was granted to proceed in pauperis status." [Doc. #196 at 1 (sic)].

"[T]he threshold requirement in considering a request for appointment of counsel [is] the likelihood of success on the merits of the claim." Burgos v. Hopkins, 14 F.3d 787, 789 (2d Cir. 1994). Although plaintiff conclusorily states that he is likely to prevail at trial, the Court declines to appoint counsel at this stage of the proceedings. Indeed, the majority of plaintiff's concerns relate to his ability to present his case at trial. Dispositive motions have yet to be filed. Accordingly, if plaintiff's claims survive summary judgment, and

this matter is scheduled for trial, he may renew his motion for appointment of counsel at that time.[1]

### 3. **Final Scheduling Order**

On July 27, 2016, plaintiff filed a motion for clarification, which the Court construed as a motion seeking the entry of a scheduling order. [Doc. ##208, 209]. The Court granted this motion and ordered the parties to file proposed scheduling orders on or before August 12, 2016. [Doc. #209]. The parties have complied with this order and have filed their respective proposed scheduling orders. [Doc. ##210, 215]. After considering the parties' proposed schedules, the remaining claims and the needs of the case, the Court hereby enters the following Final Scheduling Order:

- Defendants shall file an answer to plaintiff's Complaint on or before **September 9, 2016;**

- Dispositive motions, by defendants and/or plaintiff, shall be filed on or before **October 11, 2016;**

- Responses to dispositive motions shall be filed on or before **November 10, 2016;**

- The Joint Pretrial Memorandum shall be filed on or before **January 10, 2017,** or within sixty (60) days of

---

[1] The Court notes that if counsel is appointed at some future date, it will be by random assignment from the pro bono panel. If plaintiff seeks to have a particular attorney represent him, he must retain that attorney directly.

5

the Court's ruling on the last pending dispositive motion, whichever is later.

The parties are advised that agreements regarding particular deadlines will not constitute extensions of those deadlines, and that the Court will not be bound by any informal agreements of the parties. The Court expects the parties to pursue this matter in a timely fashion.

**Further, absent extraordinary circumstances, and in light of the schedule entered above, the Court does not anticipate granting any further extensions of the now-effective scheduling order deadlines.**

This is not a Recommended Ruling. This is an order regarding case management which is reviewable pursuant to the "clearly erroneous" statutory standard of review. See 28 U.S.C. §636(b)(1)(A); Fed. R. Civ. P. 72(a); and D. Conn. L. Civ. R. 72.2. As such, it is an order of the Court unless reversed or modified by the District Judge upon motion timely made.

SO ORDERED at New Haven, Connecticut, this 12th day of August, 2016.

                                         /s/
                              HON. SARAH A. L. MERRIAM
                              UNITED STATES MAGISTRATE JUDGE