UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
------------------------------x
                              :
CHARLES C. WILLIAMS           :   Civil No. 3:15CV00933(AWT)
                              :
v.                            :
                              :
CITY OF HARTFORD, et al.      :   December 30, 2016
                              :
------------------------------x
```

## RULING ON PLAINTIFF'S MOTION FOR ORDER TO RETURN LEGAL PROPERTY AND MOTION FOR LEAVE TO FILE [DOC. #292]

Pending before the Court is plaintiff Charles C. Williams' ("plaintiff") Motion for Order to Return Legal Property and Motion for Leave to File. [Doc. #292]. Judge Alvin W. Thompson referred this motion to the undersigned on December 23, 2016. [Doc. #295]. For the reasons articulated below, plaintiff's Motion for Order to Return Legal Property and Motion for Leave to File [**Doc. #292**] are **DENIED**.

## MOTION FOR LEAVE TO FILE

Plaintiff is currently incarcerated at the Corrigan-Radgowski Correctional Center in Uncasville, Connecticut. Plaintiff represents that certain Department of Correction ("DOC") employees there have interfered with and/or disposed of his legal materials, which directly impact his forthcoming responses to the pending motions for summary judgment. See generally Doc. #292. In the motion, "Plaintiff request permission to file an injunction to order Department of

1

Corrections staff Lt. Wagner, and Warden Santiago to return my legal property." Id. at 4 (sic). The Court construes this request as seeking injunctive relief.

"Preliminary injunctive relief is designed to preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits. To prevail on a motion for preliminary injunctive relief, the moving party must establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint." Nicholson v. Murphy, No. 3:02CV1815(MRK), 2003 WL 22909876, at *3 (D. Conn. Sept. 19, 2003) (internal citations and quotation marks omitted). See also McKinnon v. Tresman, No. 3:02CV2305(WWE)(HBF), 2004 WL 78091, at *1 (D. Conn. Jan. 9, 2004) ("To prevail on a motion for preliminary injunctive relief, the moving party must establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint." (collecting cases)); McAllister v. Goord, No. 9:06CV0442(TJM)(RFT), 2009 WL 5216953, at *2 (N.D.N.Y. Dec. 30, 2009) ("[T]he relief that a plaintiff seeks by way of injunction must relate to the allegations contained in the underlying complaint." (citation omitted) (emphasis removed)); Curry v. Bradt, No. 13CV355A, 2014 WL 7339039, at *5 (W.D.N.Y. Dec. 22, 2014) (denying motion for preliminary injunctive relief where the retaliatory action in the motion was unrelated to the

2

retaliation alleged in the operative complaint).

Here, plaintiff proceeds pursuant to an Amended Complaint alleging federal and state law claims against the City of Hartford and its employees primarily relating to an alleged false arrest and malicious state court criminal prosecution. See Doc. #42. The relief requested in the proposed motion for injunctive relief, i.e., for the DOC to return plaintiff's legal materials, does not relate to the conduct giving rise to the allegations of the Amended Complaint. Accordingly, because "[p]laintiff's proposed motion for injunctive relief does not concern the allegations in the ... amended complaint[,] ... it has nothing to do with preserving [this Court's] decision-making power over the merits of [his] lawsuit." Randolph v. Griffin, No. 12CV745S, 2014 WL 3548967, at *8 (W.D.N.Y. July 17, 2014) (citation and internal quotation marks omitted) (alterations added). Therefore, plaintiff's Motion for Leave to file is **DENIED**, as any such motion filed in this case would be futile.[1]

---

[1] Additionally, plaintiff seeks to enjoin the actions of Lt. Wagner and Warden Santiago, individuals who are not named parties in this action. Absent limited circumstances, "[t]he Court has no power to enforce an injunction against individuals who are not parties to the lawsuit." Tolbert v. Koenigsmann, No. 9:13CV1577(LEK)(DEP), 2016 WL 3349317, at *3 (N.D.N.Y. June 15, 2016) (citations omitted); see also Gantt v. Lape, No. 9:10CV0083(GTS)(TWD), 2012 WL 4033729, at *2 (N.D.N.Y. July 31, 2012) ("[E]xcept in limited circumstances not relevant here, a court may not order injunctive relief as to non-parties to an action." (citing Fed. R. Civ. P. 65(d); United States v. Regan, 858 F.2d 115, 120 (2d Cir. 1988))), report and recommendation

See also Stewart v. INS, 762 F.2d 193, 198 (2d Cir. 1985) (holding district court lacked jurisdiction over motion for injunctive relief relating to conduct not alleged in plaintiff's complaint).

## MOTION FOR RETURN OF LEGAL PROPERTY

Plaintiff also requests that the Court order the DOC to return his legal materials. See Doc. #292 at 6. Plaintiff represents that his legal materials have since been lost, misplaced, or disposed of by DOC staff. See generally id.; see also Doc. #292-1. Because the Court cannot order the production of something which plaintiff asserts is no longer available, plaintiff's motion for the return of his legal materials is **DENIED, as moot.**

## SUMMARY JUDGMENT RESPONSE DEADLINES

Plaintiff's response to the official capacity defendants' motion for summary judgment is due on or before January 4, 2017. [Doc. #288]. His response to the individual capacity defendants' motion for summary judgment is due on or before February 4, 2017. [Id.]. In light of plaintiff's allegations concerning the disposal of his legal materials, and to the extent that plaintiff seeks an extension of the summary judgment response

---

adopted sub nom., Gantt v. Mielenz, 2012 WL 4033723 (Sept. 12, 2012).

deadlines, he should file a motion setting forth the good cause supporting his request, and the position of defendants, in accordance with District of Connecticut Local Civil Rule 7(b)(3).

This is not a Recommended Ruling. This is an order which is reviewable pursuant to the "clearly erroneous" statutory standard of review. See 28 U.S.C. §636(b)(1)(A); Fed. R. Civ. P. 72(a); and D. Conn. L. Civ. R. 72.2. As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made

SO ORDERED at New Haven, Connecticut, this 30th day of December, 2016.

                                        /s/
                                HON. SARAH A. L. MERRIAM
                                UNITED STATES MAGISTRATE JUDGE